Mr. Justice MacArthur
delivered the opinion of the court:
The plea demurred to would probably not be sustained in the State of Vermont, because the courts of that State appear to have decided that a receiver, operating a railroad as a common carrier, would be liable in an action for damages occasioned by any breach of his obligation while acting in that capacity. In Paige v. Smith, 99 Mass., 395, this doctrine is imputed to the courts of that State, and it is held that a receiver appointed there would be equally liable to an action in the courts of another State for a similar cause of action, instituted without the permission of the court appointing the receiver. In Kinney v. Crocker, 18 Wis., 74, and Allen v. The Central R. R. of Iowa, the same rule is asserted. With the exception of these authorities, it is not too much to say that the decisions in England and in the United States are to *219 the effect that it is requisite to apply to the court of chancery in which the receiver was appointed, when a suit is to be brought against him in his official capacity. This rule is established by so many authorities that citation is scarcely necessary. The briefs of counsel are sufficiently full of such references. The possession of-the receiver is considered that of the court, and it is therefore regarded as the duty of the court to protect the possession of its officer from any invasion of persons or suits at law. Any party may come into court and test the justice of any claim he has upon the fund, and he may be himsef examined pro interesse suo. If he has a prior interest it will be protected, and he will be permitted to bring such suits at law as may be proper to determine any legal or equitable rights he may have upon the estate. The court of chancery having acquired jurisdiction of the subject-matter, will retain it for the benefit of those who may be found ultimately entitled to it. (2 Story Eq. Jur., secs. 331-334; Parker v. Browning, 8 Paige, 388.)
It was earnestly urged by counsel for plaintiff that this was a mere claim for damages, and that it- did not affect the possession of the property in'the receiver. The same view was relied upon in Wiswall v. Sampson, 14 How., 52. The Supreine Court disposed of that view of the case by observing: “But conceding the proceeding [at law] did not disturb the possession of the receiver, the argument does not meet the objection. The property is a fund in court, to abide the event of the litigation, and to be applied to the payment of the judgment creditor, who has filed his bill to remove impediments in the way of his execution. If he has succeeded in establishing his right to the application of any portion of the -fund, it is the duty of the court to see that such applies tion is made; and in order to effect this, the court must administer it independently of any rights acquired by third persons pending the litigation.” So that wherever a claim is made which will affect the estate, the court will pay no respect to it when acquired during the suit, unless presented for audit and adjudication. The court will administer the *220 property and protect and preserve every interest. This is the rule as settled by the Supreme Court, and we must follow it as binding authority. The Supreme Courts of the States may entertain different views, and feel that they are not bound by the decisions of that tribunal. Not so with us. And until a different rule shall prevail, we must adhere to that so clearly established.'
There must be judgment for the defendant upon the demurrer.