# HITZ *v.* JENKS.

APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 99.   Argued January 14, 15, 1902.—Decided April 7, 1902.

The property involved in this suit is improved real estate in the city of Washington; and the controlling question presented is, whether the sale of it under a deed of trust stands in the way of its redemption by Mrs. Hitz upon her paying the debt secured by the deed of trust.

As between the parties to the original cause the title to the real estate in question was bound for the filing of the cross-bill by Mrs. Hitz.

The deeds which Mrs. Hitz sought to have set aside are valid and enforceable instruments.

The sale by Tyler as trustee conferred no title as against Mrs. Hitz.

Mrs. Hitz is entitled in this suit to redeem the property by paying such sum as may be due on account of the debt to secure which the deed to Tyler was made.

THE case is stated in the opinion of the court.

*Mr. A. S. Worthington* and *Mr. Wayne Mc Veagh* for appellant.  *Mr. J. S. Flannery* was on their brief.

*Mr. Walter D. Davidge* and *Mr. J. J. Darlington* for appellees.

MR. JUSTICE HARLAN delivered the opinion of the court.

The property involved in this suit is certain improved real estate on the northeast corner of Ninth and G streets in the city of Washington, of which the appellant, who was the plaintiff below, asserts ownership subject to the lien created by a deed of trust to which reference will be presently made; but of which property the heirs at law and devisees of the late William P. Jenks also assert ownership in virtue of a conveyance to him by the purchaser at a sale had under that deed by the trustee therein named while he held the property as receiver—such purchase having been in fact for the benefit of Jenks in whose favor the deed of trust was executed.

This land had been inherited by Mrs. Hitz from her father after her marriage to John Hitz in 1856. There were several children of that marriage, and, as stated by the Court of Appeals, the husband became entitled to an inchoate tenancy by the curtesy in the wife's estate which remained unaffected by the married woman's act of 1869.

The controlling question presented on this appeal is whether the sale under the deed of trust stands in the way of the redemption of the property by Mrs. Hitz upon her paying the debt secured by the above deed of trust.

The facts necessary to be stated in order to bring out clearly the views of the respective parties touching that question are as follows:

By a deed of trust dated January 26, 1876, John Hitz and his wife Jane C. Hitz conveyed this real estate to R. B. Donaldson and Charles E. Prentiss, trustees, to secure the payment of two promissory notes of $10,000 each executed January 5, 1876, by William R. Chipley to E. P. Halstead and by the latter endorsed to the German-American Savings Bank.

Subsequently the above notes passed to and became the property of the German-American National Bank, which succeeded the German-American Savings Bank.

On the 16th day of June, 1877 (the deed to Donaldson and Prentiss having been released of record) Hitz and wife by deed conveyed the property to Sarah L. Crane, who on June 18, 1877, conveyed to Richard W. Tyler as trustee, to secure the payment of a promissory note for $20,000 executed by the grantor and made payable to John Hitz or order three years after date, with interest at the rate of eight per cent per annum until paid; which note was endorsed by the payee to William P. Jenks. Sarah L. Crane had no interest in the transaction with Jenks—the real consideration for the note being a loan of money by Jenks to the German-American National Bank, of which John Hitz was President and Charles E. Prentiss, a brother of Sarah L. Crane, was Cashier. The title was put in her name in order that she might execute the above note to Jenks and make a deed of trust to secure its payment, which should be a first lien on the property.

The deed to Tyler as trustee authorized him upon default in the payment of the note or any quarterly instalment of interest thereon at the rate aforesaid, or of any sums advanced for taxes and insurance when demanded, or of any cost, charge or commission, to sell the land and premises, or as much thereof as might be necessary, at public auction to the highest bidder, upon such terms and at such time and place as the trustee deemed best for the interest of the parties concerned.

In October, 1878, the German-American National Bank failed, and by appointment of the Comptroller of the Currency, Benjamin U. Keyser became its receiver. The latter (having first procured from Sarah L. Crane a conveyance of such interest as she had after satisfying the deed of trust to Tyler) obtained possession of the property from Hitz, and proceeded, in his capacity as receiver of the bank, to collect the rents.

Default having occurred in the payment of taxes and interest on the Jenks note, Tyler as trustee gave notice by publication in a newspaper that he would sell the property at public auction, on the 20th day of January, 1879.

Thereupon, on the 10th day of January, 1879, Keyser as receiver commenced his suit in equity in the Supreme Court of the District of Columbia against John Hitz, Jane C. Hitz, Sarah L. Crane, William P. Jenks, Richard W. Tyler, E. P. Halstead, R. P. Donaldson, Charles E. Prentiss and William R. Chipley. Part of the relief asked was that pending the cause the defendants Jenks and Tyler and each of them be restrained from advertising and selling the property in question or in any manner interfering with it.

On the 21st of February, 1879, an order was entered restraining the sale by Tyler.

All of the defendants filed answers—Jenks and Tyler resisting the relief asked. Sarah L. Crane by cross-bill asked that the conveyance from her to Keyser be vacated. Mrs. Hitz by cross-bill *claimed the property as hers*, and prayed, upon various grounds, *for the cancellation of the deed to Sarah L. Crane, as well as the deed of the latter to Tyler*; and for an accounting in respect of rents and profits. She also charged that there had been *a fraudulent alteration of the deed from her to*

*Sarah L. Crane.* Answers to the various cross-bills were also filed.

The cause having been heard at special term the court, on the 28th of November, 1881, rendered a decree adjudging that the two Chipley notes of $10,000 each had been paid ; that the deed of release by Donaldson and Prentiss was a valid instrument; that the deed by Hitz and wife to Crane was null and void as to Mrs. Hitz; that the deed to Tyler, trustee, was valid as to any interest in the property which John Hitz had in virtue of his marital relation, but was null and void as to Mrs. Hitz; and that the deed to Keyser, as receiver, was null and void from its delivery.

That decree also provided that Keyser, receiver, be directed to account to the court for whatever sums of money he might have collected arising out of the property in question after the same came into his possession, and that he immediately surrender possession " to Richard W. Tyler, *who is hereby appointed receiver*, to take possession of and rent and manage the same and to collect the rents and profits thereof and apply the same, so far as may be necessary, to the payment of taxes, insurance and other expenses needed to keep the said property in tenantable condition until the further order of the court."

Keyser, Mrs. Hitz and Jenks severally appealed to the General Term and their appeals were allowed.

On the 5th day of December, 1881, Tyler gave a bond as receiver of the court in the penalty of five thousand dollars. But he did not take immediate possession.

On the 15th day of December, 1881, an order was made at special term that Keyser bring the rents and profits of the property accruing after December 1, 1881, from month to month into court, and give bond as receiver of the German-American National Bank in the penalty of five thousand dollars, and the execution of the decree so far as it transferred the property to the receiver therein named was stayed until final decision. Keyser executed, December 16, 1881, the required bond.

On the 11th day of December, 1883, the General Term, upon final hearing, rendered a decree in which among other things it was stated that the court was of opinion " that the complainant,

Benjamin U. Keyser, receiver, as the holder of the notes made by William R. Chipley, is not entitled to any relief, and that the deed of conveyance, dated the 16th of June, 1877, made by Jane C. Hitz and John Hitz to Sarah L. Crane, in fee simple, conveyed as well the right, title, interest and estate of the said Jane C. Hitz as of the said John Hitz in and to the real estate and premises in said deed mentioned and referred to, and that there is no equity shown in this cause to prevent or delay the execution [or] enforcement of the deed of trust dated the 18th day of June, 1877, whereby the said Sarah L. Crane conveyed the said real estate and premises to Richard W. Tyler in trust to secure the payment of the debt to William P. Jenks, with interest and costs, as in and by the said deed of trust mentioned and provided." It was therefore adjudged that " the injunction granted on the 21st of February, 1879, enjoining the sale by the said Richard W. Tyler of the said real estate and premises conveyed to him in trust, [be,] and the same is hereby, dissolved, and that the decree in special term, so far as the same holds that the said deed of conveyance from Jane C. Hitz and John Hitz did not convey the right, title, interest and estate of the said Jane C. Hitz in and to the said real estate and premises, and so far as the same retains the said injunction in respect of such right, title, interest and estate of the said Jane C. Hitz, be, and the same is hereby, reversed."

The court adjudged that the deed from Crane to Keyser was void ; and directed that Keyser, as receiver, account for the rents and profits received or which should have been received by him before and after the decree in special term, the cause to be retained for the purposes of such accounting.

The decree of the general term also provided :

" Fourth. That the order passed in special term on the 15th of December, 1881, authorizing the collection of said rents and profits by the complainant, be, and the same is hereby, revoked, and that the said Richard W. Tyler be, and he is hereby, appointed *receiver*, with power, *until a sale shall be made under the said deed of trust*, to take and hold possession of said real estate and premises and to rent and manage the same, and to collect the rents and profits and apply the same to the pay-

ments of the taxes, insurance and any proper expenses, and it shall be the duty of the said receiver, after such application, to pay from time to time the said rents and profits into court and from time to time to make report to the court of the manner in which he has discharged his trust, and before entering upon the performance of his office as receiver the said Richard W. Tyler shall give bond in the penal sum of five thousand dollars and with a surety or sureties to be approved by this court or one of the justices thereof, conditioned for the faithful discharge of the trust hereby reposed in him."

" Seventh. That this decree is without prejudice to the right of any party entitled to the reversion of the said real estate and premises, or any interest in such reversion, to redeem or to make claim, as such party may be advised, to any balance or portion thereof which, upon a sale under the said deed of trust and the satisfaction of the debt secured thereby, with interest and costs, and of the expenses of sale, may remain in the hands of the trustee.

" Eighth. That, save so far as this cause is retained, as above mentioned and decreed, the bill of the complainant, with the amendment and supplement thereto, and the cross-bill of Jane C. Hitz, with the amendment thereto, be, and the same are hereby, dismissed."

Mrs. Hitz appealed from the above decree to this court. The appeal was allowed, and such allowance was recited in the decree. On December 31, 1883, Mrs. Hitz executed and the court approved a *supersedeas* bond in the penalty of $3000.

In January, 1884, Keyser, in conformity with the decree of the General Term, surrendered possession of the property to Tyler, who thereafter held it *as receiver* appointed by the court. But notwithstanding the allowance of Mrs. Hitz's appeal, and the approval of the *supersedeas* bond executed by her, Tyler, upon his own motion or by direction of Jenks, and in his capacity only *as trustee* under the Crane deed, published, on March 3, 1884, a notice in a newspaper that he would, on the 26th day of March, 1884, sell *for cash* the property in question, together with the improvements thereon, by virtue of the deed of trust executed to him June 18, 1877. The notice did not

mention the fact that the property was in Tyler's hands as receiver appointed by the court. But he was immediately notified in writing by the attorney of Mrs. Hitz of the fact that she had executed, and that the court in December, 1883, had approved, her *supersedeas* bond. Tyler ignored that notice and sold the property at public auction on the day named to one Seth Caldwell for the sum of $29,200—the latter, it is conceded, making the purchase *in behalf of Jenks.* On the next day Tyler executed a conveyance to Caldwell, who on April 9, 1884, conveyed to Jenks. The proceeds of the sale lacked upwards of four thousand dollars of discharging the debt due to Jenks.

It should be stated that after the cause was removed to this court by appeal an accounting was had below as to the rents and profits collected or which should have been collected by Tyler as receiver; and on July 13, 1885, a claim of Mrs. Hitz was disallowed, and the money in the registry of the court was ordered to be paid to Tyler to be applied by him in discharge of taxes and assessments accruing prior to January 1, 1884. From that order Mrs. Hitz also appealed and executed a bond for costs.

The two appeals were heard in this court, and each decree or order appealed from was affirmed November 14, 1887. *Hitz* v. *Jenks*, 123 U. S. 297. Pending the cause here William P. Jenks died, and, the record states, John Story Jenks, William Henry Jenks and Evan Randolph, executors, were made appellees.

The present suit was brought by Mrs. Hitz on the 6th day of November, 1890—the defendants being the sole heirs at law and devisees of Jenks, and Richard W. Tyler, Sarah L. Crane and Enoch Totten. Its object was to have the sale to Caldwell and the conveyance by him to Jenks set aside and annulled. It is not necessary, in view of the grounds upon which we will dispose of the cause, to set forth all the allegations of the bill. It is sufficient to say that it asked that the sale be set aside for the following reasons :

"1. The property was in the possession and custody of a receiver appointed by the court to take and keep possession

thereof and to collect the rents, and an approved *supersedeas* bond in due form of law had been given on her appeal to the Supreme Court of the United States from the decree of the General Term, and all proceedings were stopped, and no action could be legally taken under said decree while said appeal remained pending.

"2. Said sale was void because the terms of sale were unreasonable; because there were no bids, the bidders there, if any, having been discouraged from bidding; because the pretended sale was made pending an appeal in the cause to the Supreme Court of the United States; because it was given out, stated, and understood at the time of sale that it was intended to make the sale in the face of said appeal for the purpose only of transferring the title to the creditors; because the price bid and accepted at said sale was so grossly inadequate as to amount to a fraud upon the complainant, and because said pretended sale was conceived and carried through solely in the interest of the creditor, and in total disregard and in violation of the rights of the complainant as the owner of the equity of redemption. She therefore submits to the court that said pretended sale should be set aside, and that she ought to be allowed to redeem said property. She is willing and hereby offers to pay for the said heirs at law of said Jenks whatsoever sum may be found justly due to them for principal and interest on the said loan, and also for all expenditures in and upon said property, after charging them with the rents actually received, a fair accounting to be had under the direction of this court to ascertain the true balance due."

The relief prayed for was that the plaintiff be decreed to be the owner of the above property, *subject to the debt* to secure the payment of which the deed to Tyler as trustee was given; that the deed from Tyler to Caldwell be declared void, and that she be allowed to redeem the property *by paying to the heirs of Jenks what might be found due upon a proper accounting in reference to the property;* that Tyler be held chargeable, as receiver, and that he be compelled to account for the rents that had been or should have been collected by him; that the heirs of Jenks be restrained from selling or encumbering the prop-

erty; that a receiver be appointed to take charge of it and to collect the rents; and that the plaintiff might have such other and further relief as was just and equitable.

The answers were such as to meet all the material issues made by the bill. Upon final hearing the bill was dismissed with costs, and that decree was affirmed in the Court of Appeals of the District.

We have seen that the relief asked by Mrs. Hitz in her cross-bill in the original suit was a decree declaring that the deed to Donaldson and Prentiss, the deed from herself and husband to Sarah L. Crane, the deed from the latter to Tyler as trustee, and the deed from Sarah L. Crane to Keyser, as receiver, were null and void as to her. She asked to be put in possession of the property and that it might be conveyed to trustees for her sole and separate benefit, so that it could not be interfered with by her husband or his creditors. We have also seen that the Special Term declared void as to Mrs. Hitz the deed to Sarah L. Crane, as well as the deed to Tyler, trustee, and the deed to Keyser as receiver. The General Term reversed that decree, dissolved the injunction restraining Tyler from selling the property under the trust deed and dismissed the suit. But Mrs. Hitz appealed to this court, and the decree of the General Term reciting the allowance of her appeal was superseded.

It is now said that the appeal from the Special to the General Term in the *Keyser* case was only a step in the progress of the cause during its pendency in the same court, and that the decree of the General Term took the place of the decree and orders in the Special Term and was the final decision in the cause; consequently, it is argued, an appeal to this court from the decree of the General Term, with *supersedeas*, could not have the effect to reinstate or revive the decree of the Special Term, particularly that part of it enjoining Tyler from selling under the trust deed. Treating the decree of the General Term as the final decision in the original suit, and the only one that could have been reviewed on the appeal in that cause to this court, it is further contended that such decree, although appealed from, was not in law superseded, *so far as it dissolved the injunction*—no special order having been made by the Gen-

eral Term or by this court staying the execution of that part of the decree pending the cause here. In other words—and such was the holding of the Court of Appeals—the force of the decree dissolving the injunction was not at all affected by the appeal with *supersedeas*.

In the view we take of the case, it is unnecessary to discuss these questions, and it may be assumed for the purposes of the present examination that the positions just referred to are correct. But does it follow that the decree of the General Term in the *Keyser* case was not superseded so far as it ordered the dismissal of Mrs. Hitz's cross-bill with costs, and declared that she was not entitled to have the deed of her husband and herself to Sarah L. Crane, as well as the deed to Tyler, trustee, annulled and set aside, so far as her interests in the property were concerned? We think not. The mere dissolution of the injunction did not conclusively determine the merits of the cause as disclosed by the pleadings. Notwithstanding such dissolution, the way was open for Mrs. Hitz, by her appeal in the original cause, to obtain a decision by this court as to the validity of the deed from herself and husband to Crane and of the deed from Crane to Tyler, trustee. If this court had adjudged, upon that appeal, that those deeds were void as to Mrs. Hitz, and had remanded the cause for further proceedings, can it be doubted that the court below could have granted the relief asked in her cross-bill by setting aside not only the above deeds, but the sale made by Tyler as trustee under the deed from Crane to him? If the order dissolving the injunction was not affected by the appeal with *supersedeas*, and if a stranger to the suit had purchased the property at the sale by Tyler pending the *Keyser* case here, a different question would have been presented. But all difficulty on that ground is avoided by the fact that the purchase was in fact by the agent and representative of Jenks and for his benefit. As between the plaintiff and Jenks, the title to the property was bound from the filing of the bill. By the pleadings in the cause the parties had joined issue as to the validity of the deed to Tyler, trustee, and as to the right of Jenks to have the property sold under that deed. Jenks and Tyler, being parties to the cause, could not avoid the final determina-

tion of that issue in this court by any direction from the former to Tyler to sell the property under the deed of trust and by becoming the purchaser through an agent.

We have made these observations for the purpose of showing that the mere dissolution of the injunction by the General Term, and the subsequent sale at public auction under the trust deed, by Tyler—whether acting upon his own motion or by direction of Jenks is immaterial—do not preclude an inquiry in the present suit as to the validity of the sale made by Tyler in his capacity as trustee, pending the *Keyser* cause here upon appeal by Mrs. Hitz with *supersedeas.* This question will now be examined.

Tyler, as trustee under the Crane deed, advertised and sold the property, while in his possession as receiver appointed by the court. This was done by him after the removal of the cause to this court, and without any special order of court allowing him to take that course. As receiver, he held the property for the court and for the benefit of all the parties asserting an interest in it, including Mrs. Hitz. While in his hands as receiver the property was in the custody of the law. As a party to the cause he, as well as Jenks, whom he represented as trustee, knew that Mrs. Hitz by her cross-bill sought to have the deed under which he proceeded set aside as void. What he did as trustee tended to defeat the rendition here of any effective decree in favor of Mrs. Hitz, even if this court, upon her appeal, had directed such a decree to be entered. That this court affirmed the decree appealed from did not change the fact that the title to property in the custody of the law, by a receiver, was attempted to be changed by that receiver, acting without special leave of court and under a private deed of trust, the validity of which was in issue in the very case in which the receiver was appointed. If this court had decided that Mrs. Hitz was entitled on her cross-bill to have the deed made by herself and husband to Crane, and the deed by the latter to Tyler, set aside, and had remanded the cause with directions to enter a decree to that effect, the court below would have been confronted with the fact that its own receiver, in his capacity as private trustee and without leave or direction to that end, had sold the property at public auction for cash to the party in whose interest he had been made trustee,

and who was the principal adversary of Mrs. Hitz, one of the parties for whom he held possession as receiver. Let us look at some of the authorities on this general subject.

In *Wiswall* v. *Sampson*, 14 How. 52, 65, it was said : " When a receiver has been appointed, his possession is that of the court, and any attempt to disturb it, without the leave of the court first obtained, will be a contempt on the part of the person making it. This was held in *Angel* v. *Smith*, 9 Ves. 335, both with respect to receivers and sequestrators. When, therefore, a party is prejudiced by having a receiver put in his way, the course has either been to give him leave to bring an ejectment, or to permit him to be examined *pro interesse suo.* 1 J. & W. 176, *Brooks* v. *Greathed*; 3 Daniel's Pr. 1984. And the doctrine that a receiver is not to be disturbed, extends even to cases in which he has been appointed expressly without prejudice to the rights of persons having prior legal or equitable interests. And the individuals having such prior interests must, if they desire to avail themselves of them, apply to the court either for liberty to bring ejectment, or to be examined *pro interesse suo;* and this, though their right to the possession is clear. 1 Cox, 422 ; 6 Ves. 287. The proper course to be pursued, says Mr. Daniel, in his valuable treatise on Pleading and Practice in Chancery, by any person who claims title to an estate or other property sequestered, whether by mortgage or judgment, lease or otherwise, or who has a title paramount to the sequestration, is to apply to the court to direct the plaintiff to exhibit interrogatories before one of the masters, in order that the party applying may be examined as to his title to the estate. An examination of this sort is called an examination *pro interesse suo*, and an order for such examination may be obtained by a party interested, as well where the property consists of goods and chattels, or personalty, as where it is real estate. And in the mode of proceeding is the same in the case of the receiver. 6 Ves. 287 ; 9 Id. 336 ; 1 J. & W. 178 ; 3 Daniel's Pr. 1984."

Again : " The settled rule also appears to be that where the subject-matter of the suit in equity is real estate, and which is taken into the possession of the court pending the litigation, by the appointment of a receiver, or by sequestration, *the title is*

*bound from the filing of the bill;* and *any* purchaser, *pendente lite,* even if for a valuable consideration, comes in at his peril. 3 Swanst. 278, *n.* 298 ; 2 Daniel's Pr. 1267 ; 6 Ves. 287 ; 9 Id. 336 ; 1 J. & W. 178 ; Daniel's Pr. 1984."

It was contended in that case that a sale of the premises on execution and purchase occasioned no interference with the possession of the receiver, and hence no contempt of the authority of the court, and that the sale therefore, in such a case, should be upheld. But this court—in words that are strikingly applicable in the present case—thus disposed of that contention : " Conceding [that] the proceedings did not disturb the possession of the receiver, the argument does not meet the objection. *The property is a fund in court, to abide the event of the litigation,* and to be applied to the payment of the judgment creditor, who has filed his bill to remove impediments in the way of his execution. If he has succeeded in establishing his right to the application of any portion of the fund, it is the duty of the court to see that such application is made. And, in order to effect this, the court must administer it independently of any rights acquired *by third persons, pending the litigation. Otherwise, the whole fund may have passed out of his hands before the final decree, and the litigation become fruitless:* It is true, in administering the fund, the court will take care that the rights of prior liens or encumbrances shall not be destroyed ; and will adopt the proper measures, by reference to the master or otherwise, to ascertain them, and bring them before it. Unless the court be permitted to retain the possession of the fund, thus to administer it, how can it ascertain the interest in the same to which the prosecuting judgment creditor is entitled, and apply it upon his demand ? . . . But it is not necessary to go this length in the case before us, as it is sufficient to say, that the *sale* under the judgment, *pending the equity suit,* and *while the court was in possession of the estate, without the leave of the court,* was *illegal and void.* We do not doubt but that it would be competent for the court, in case the judgment creditor holding the prior lien had not come in and claimed his interest in the equity suit, to decree a sale in the final disposition of the fund subject to his judgment. The purchaser would then be bound to pay it off.

But this disposition of the legal prior encumbrance is a very different matter, and comes to a very different result from that of permitting the enforcement of it, *pendente lite*, without the leave of the court. The rights of the several claimants to the state or fund is then settled, and the purchase under the decree can be made with a full knowledge of the condition of the title, or charges to which it may be subject."

So, in *Heidritter* v. *Elizabeth Oilcloth Co.*, 112 U. S. 294, which was the case of a sale of property under process from a state court while it was in the actual possession of a District Court of the United States. When the sale took place the property *had passed out of the possession of the Federal court* and there was no actual disturbance of such possession. Nevertheless this court held the sale to be void, under the doctrine of *Wiswall* v. *Sampson*, saying : " The same conclusion must prevail here ; for, although the sale under the judgments in the state court was not made until after the property had passed from the possession of the District Court by delivery to the purchaser at the sale under the decree yet the initial step on which the sheriff's sale depended—*the commencement of the proceedings to enforce the mechanics' lien*, asserting the jurisdiction and control of the state court over the property sold—took place when that property was in the exclusive custody and control of the District Court ; and by reason of its prosecution to a sale, was an invasion of the jurisdiction of that court. No stress is laid on the fact that notice of the proceeding, by affixing a copy of the summons upon the building, which was required by the statute, could only be made by an actual entry by the sheriff upon the property, to that extent disturbing the possession of the marshal, because the same result, in our opinion, would have followed if no such notice had been required or given. The substantial violation of the juridisction of the District Court consisted in the control over the property in its possession, assumed and asserted, in commencing the proceedings to enforce against it the lien claimed by the plaintiffs in those actions, prosecuting them to judgment and consummating them by a sale. The principle applied as in *Wiswall* v. *Sampson, ubi supra,* must be regarded as firmly established in the decisions of this court. It

has been often approved and confirmed. *Peale* v. *Phipps,* 14 How. 367; *Hagan* v. *Lucas,* 10 Pet. 400; *Williams* v. *Benedict,* 8 How. 107; *Pulliam* v. *Osborne,* 17 How. 471; *Taylor* v. *Carryl,* 20 How. 583; *Yonley* v. *Lavender,* 21 Wall. 276; *Peoples' Bank* v. *Calhoun,* 102 U. S. 256; *Barton* v. *Barbour,* 104 U. S. 126; *Covell* v. *Heyman,* 111 U. S. 176."

We are not aware of any decision of this court modifying the rule laid down in these cases.

To the same effect are *Walling* v. *Miller,* 108 N. Y. 173; *Porter* v. *Kingman,* 126 Mass. 141; *Dugger* v. *Collins,* 69 Ala. 324; *Thompson* v. *McCleary,* 159 Penn. St. 189; *Ellis* v. *Vernon Ice, Light and Water Co.,* 86 Tex. 109; High on Receivers, 3d ed. 141; Kerr on Receivers, 2d ed. 177.

In view of what has been said in the adjudged cases, it is clear that *as between the parties to the original cause* the title to the real estate in question was bound from the filing of the cross-bill of Mrs. Hitz; and that her appeal, with *supersedeas,* from the decree of the General Term preserved her right to have this court determine the whole cause upon the merits, as from the commencement of her suit and as between her and the parties hostile to her claim. It is also clear, under the authorities, that if Tyler while holding as receiver had, in a separate suit against Sarah L. Crane, obtained a decree for its sale under the deed of trust, no title would have been acquired by the purchaser at such a sale. Still less could any title be acquired under a sale at public auction by Tyler, acting in his capacity as private trustee—the property being at the time in his possession as receiver in another cause *to which he was a party,* and which had, at the time, been removed to this court by appeal with *supersedeas.* As receiver he held the property for Mrs. Hitz as well as for Jenks, and he could not throw off the responsibility attaching to him in that capacity, and act, pending the appeal, simply as a private trustee under the deed from Sarah L. Crane.

But it is said that the decree of the General Term must be construed as authorizing Tyler as trustee, in his discretion, to sell the property while in his possession as receiver after the appeal from that decree by Mrs. Hitz had been perfected and

a *supersedeas* bond executed and approved. A complete answer to this suggestion is that Tyler sought no such relief at the hands of the court. He asked no affirmative relief. He only desired that the court should not restrain him by injunction from acting under the deed of trust.

The words in the decree, " and he [Tyler] is hereby appointed receiver with power, *until a sale shall be made under the said deed of trust*, to take and hold possession of said real estate and premises, and to rent and manage the same, and to collect the rents and profits and apply the same to the payment of taxes, insurance and any proper expenses " did not confer any direct authority on Tyler, as trustee, to sell the property.

The court, having recited in the decree the allowance to Mrs. Hitz of an appeal, knew that such allowance removed the whole cause to this court, *Ridings* v. *Johnson*, 128 U. S. 212, 218; *United States* v. *Rio Grande Dam and Irrigation Co.*, 184 U. S. 416, and that this court could determine, at least *as between the parties*, whether the deed of trust to Tyler was a valid instrument so far as it affected the rights of Mrs. Hitz. It knew that one of the questions to be determined upon her appeal was as to Tyler's right to proceed under that deed. We should not, therefore, interpret the words referred to as intended to authorize, much less direct, Tyler, the receiver for all the parties and the representative of the court, to proceed in his private capacity as trustee for one of the parties to sell the property outright without any special order or direction to that effect. Neither Tyler nor Jenks, by their pleadings, asked for any such direction or authority from the court. The words " until a sale shall be made under said deed of trust," reasonably interpreted, meant no more than that the *power* of Tyler as receiver to take and hold possession of the property, *for the purposes designated*, should continue until there had been such a sale under the deed of trust as could properly and legally be made, and such as would give the purchaser a good title. By dissolving the injunction—which was a matter of judicial discretion—the court, in effect, declared nothing more than that it would not, by injunction, restrain the trustee from doing what he might rightfully do under the deed to him. It did not, we must assume,

intend to direct or authorize a sale by the trustee, whereby the right of Mrs. Hitz to have a final determination, upon her appeal in the original cause, as to the binding force, as between the parties, of the deeds purporting to pass her interest in the property, would be overreached or defeated.

Other questions were discussed at the bar, but they do not require to be specially noticed.

In our judgment it must be held: 1. That the deeds which Mrs. Hitz sought by her cross-bill to have set aside are to be deemed valid and enforceable instruments, it having been so adjudged in *Hitz* v. *Jenks*, 123 U. S. 297. 2. That the sale by Tyler as trustee, on the 26th day of March, 1884, while holding possession of the property as receiver, and when the suit to which he was a party was pending here upon appeal with *supersedeas*, conferred no title upon Jenks as against Mrs. Hitz. 3. That as no sale has been made under the deed from Sarah L. Crane to Tyler, trustee, which would bind Mrs. Hitz, she is entitled in this suit to redeem the property by paying such sum as may be due on account of the debt to secure which that deed was executed—that sum to be ascertained by an accounting in the court of original jurisdiction, and the amount of all rents collected and all sums expended in the preservation or protection of the property to be taken into consideration.

It results that the decree of the Supreme Court of the District of Columbia dismissing the bill in the present suit, and the decree of the Court of Appeals affirming that decree, were both erroneous.

*The decree of the Court of Appeals of the District is reversed, and the cause remanded to that court, with directions to reverse the decree of the Supreme Court of the District, and for such further orders in each court as will be in conformity with the principles of this opinion.*

Mr. Justice Brewer dissented.