NORMAN G. KITTRELL, JR., RECEIVER, ET AL. v. FIRST NATIONAL BANK OF MORGAN, TEXAS.

Decided June 12, 1909.

**Receiver—Exclusive Jurisdiction of Court Appointing.**

When a court of competent jurisdiction has appointed a receiver of all the property of a debtor, and the receiver has taken possession of such property under and by virtue of such appointment, the jurisdiction of the court in which the receivership is pending over the property is exclusive, and can not be interfered with by any process or judgment of any other court. The remedy for the enforcement of liens upon the property should be sought in the court in which the estate is being administered.

Appeal from the District Court of Bosque County. Tried below before Hon. O. L. Lockett.

*Masterson, Atkinson & Masterson,* for Norman G. Kittrell, Jr., Receiver.

*Fisher & Sears,* for J. J. Sweeney.—Where a party has a claim against defendants whose properties are in the hands of a receiver, he must file his claim in the court in which such receivership is pending, and he will not be permitted, by the use of process of other courts, to interfere with the possession of the receiver without the consent of the court which appointed said receiver. Ellis v. Vernon Water & Light Co., 86 Texas, 115; Grosscup v. German Savings & Loan Society, 162 Fed. Rep., 950-52; Hitz v. Jenks, 185 U. S. Sup. Ct., 155; Harrison v. Waterberry, 27 S. W., 109; Hammond v. Tarver, 31 S. W., 841; Abbey v. International & G. N. Ry. Receivers, 23 S. W., 934; Fordyce v. Withers, 20 S. W., 766; Reisner v. Gulf, C. & S. F. Ry., 89 Texas, 661; Texas Trunk Ry. Co. v. Lewis, 81 Texas, 7; Dillingham v. Russell, 73 Texas, 50; Russell v. Texas & P. Ry., 68 Texas, 652; St. Louis A. & T. Ry. v. Whitaker, 68 Texas, 636; Edwards v. Norton, 55 Texas, 410; Smith on Receiverships, secs. 44 and 45; Pelletier v. Greenville Lbr. Co., 68 Am. St. Rep., 838.

*Cureton & Cureton,* for appellee.—The First National Bank of Morgan had obtained a judgment with foreclosure of its lien upon certain

property, which judgment ordered that said specific property be sold, and the sheriff, having acted under the order of sale commanding him to sell said specific property, took into his possession the specific property so ordered to be sold, and after he had so seized and took into his possession the said specific property but before he had sold the same, receivership proceedings were instituted in the District Court at Houston against the defendants in the judgment, the property so seized by the sheriff under the order of sale being already in the custody of the District Court of Bosque County for a specific purpose, the District Court of Harris County was without jurisdiction by means of receivership proceedings to prevent the District Court of Bosque County from consummating the sale under its orders as herein specified, and the court did not err in granting the injunction. Texas Trunk Ry. Co. v. Lewis, 16 S. W., 647; Worden v. Pruter, 88 S. W., 434; High on Receivers, sections 163, 164 and 165.

DUNKLIN, ASSOCIATE JUSTICE.—This suit was instituted by the First National Bank of Morgan against J. J. Sweeney and Norman G. Kittrell, Jr., the latter defendant being the receiver of the estate of A. C. Allen and Margaret E. Allen. The receivership suit was pending in the District Court of Harris County, while this suit was instituted in the District Court of Bosque County. By order of the court appointing him the receiver had taken charge of all the property belonging to A. C. and Margaret E. Allen, including certain horses, hogs, mules and other personal property upon which a mortgage lien had been foreclosed in the District Court of Bosque County prior to the appointment of the receiver, and at the time of his appointment said property had been levied on and advertised for sale by the sheriff of Bosque County under an order of sale issued by the District Court of Bosque County in said foreclosure proceeding. In obedience to the order of the District Court of Harris County, the sheriff of Bosque County delivered the property held by him under the levy to the receiver.

The First National Bank of Morgan was the plaintiff and owner of the judgment foreclosing said mortgage lien, and in the suit in which this appeal is prosecuted said bank recovered a judgment restraining the receiver and J. J. Sweeney, his codefendant, from interfering with the sheriff of Bosque County in selling the property above mentioned to satisfy the judgment of foreclosure. J. J. Sweeney was made a party defendant upon the allegation that he was a large creditor of A. C. and Margaret E. Allen and intervener in the receivership suit at whose instance the receivership proceedings were continuing.

The contention which forms the basis of appellants' three different assignments of error is that the District Court of Harris County, being a court of competent jurisdiction, having appointed the receiver to take charge of all the property of A. C. and Margaret E. Allen, and the receiver being in possession of the same under and by virtue of that appointment, the jurisdiction of that court over the property was exclusive, and could not be interfered with by any process or judgment of the District Court of Bosque County, and we are of the opinion that this contention should be sustained. (Ellis v. Vernon Water & Light

Co., 86 Texas, 115; Grosscup v. German Savings & Loan Society, 162 Fed. Rep., 950; Hitz v. Jenks, 185 U. S., 155; Harrison v. Waterberry, 27 S. W., 109; Reisner v. Gulf, C. & S. F. Ry., 89 Texas, 661; Texas Trunk Ry. v. Lewis, 81 Texas, 7; Dillingham v. Russell, 73 Texas, 50; Russell v. Texas & P. Ry., 68 Texas, 652; St. Louis, A. & T. Ry. v. Whitaker, 68 Texas, 636; High on Receivers, secs. 163, 164 and 165; Worden v. Pruter, 40 Texas Civ. App., 118.)   In the case of Ellis v. Vernon Water & Light Co., *supra,* certain real estate had been levied upon by virtue of an execution at the time the receiver was appointed.   The sheriff who made the levy proceeded to sell the real estate after the receiver was appointed, and in that opinion our Suprme Court said:

"To permit the control of a receiver to be interfered with by virtue of process from another court would be a practice fraught with injustice and productive of confusion; and the remark applies with especial force to the receivers of insolvent corporations.   After all the assets of a corporation have been taken from the hands of its managers and placed under the control of a receiver, is it just to allow its property to be sold under execution?   The court having deprived the corporation of the power of paying the debt and of avoiding the sale, should, in the interest of all concerned, protect its property from the sacrifice.   The receivership does not destroy any liens that may have been acquired before the appointment, but the remedy for their enforcement should be sought in the court in which the whole estate is being administered.   We therefore conclude that the court did not err in holding that the applicant took no title to the lots by the execution sale."

For reasons above noted the judgment of the trial court is reversed and the injunction decreed therein is hereby dissolved.

*Reversed and injunction dissolved.*