# NEW YORK LIFE INSURANCE COMPANY *v.* BOND BUILDING COMPANY.

### MORTGAGES; FORECLOSURE; RECEIVER; LEASE.

1. The real custodian of property in the hands of a receiver is the court appointing him. (Citing *Fields* v. *United States*, 27 App. D. C. 433.)

2. A receiver appointed in a mortgage foreclosure to manage the premises and hold the rents and profits of the property, subject to the further order and decree of the court, does not by accepting rent, without the sanction of the court appointing him, from a tenant under an unrecorded lease by the mortgagor, bind the mortgagee, so as to amount to an admission by him of the tenancy, and make the foreclosure subject thereto.

3. A mortgagee may, upon foreclosure, insist upon his right of having the property sold free of an unrecorded lease by the mortgagor, without affirmatively showing that the property will not, if sold subject thereto, bring enough to satisfy the mortgagee's claim, it being the lessee's duty to prove the sufficiency of such a sale if he deems the question material.

No. 3061.   Submitted December 10, 1917.   Decided January 7, 1918.

HEARING on an appeal from a decree of the Supreme Court of the District of Columbia, directing the sale of mortgaged property subject to an unrecorded lease.

*Reversed and remanded.*

The COURT in the opinion stated the facts as follows:

Appellant, the New York Life Insurance Company, instituted this suit in equity to foreclose by sale a mortgage upon premises at the corner of Fourteenth street and New York avenue, in this city, known as the Bond Building, because of default in the payment of the indebtedness of $450,000 and interest thereby secured. The court below directed the sale of the property for the purpose prayed, but with a proviso in the

decree that such sale should be made subject to the rights of the appellee, the Washington, Baltimore, & Annapolis Railroad Company, under an unrecorded lease to that company by the mortgagor, the Bond Building Company, dated November 12, 1912, for a term of ten years, beginning January 1, 1913.

The court appointed Wilton J. Lambert, Esq., receiver *pendente lite,* "to conserve, manage, and control said land and premises, and to collect and reduce to possession the rents and profits thereof, and especially to demand, collect, and receive the rents and profits of said land and premises from January 1, 1916, the date of default in the payment of the indebtedness owing to the plaintiff  *   *   *   and to hold all said rents and profits subject to the further order and decree of this court." Mr. Lambert had been and was the general counsel of the Munsey Trust Company, the holder of a second mortgage for $287,500 on these premises, but we do not deem this fact material here. A Mr. Collins had been the manager of the Bond Building for the mortgagor, and when Mr. Lambert was appointed receiver he arranged with Mr. Collins to continue to collect the rents and make routine disbursements. An account was opened by Mr. Collins in Mr. Lambert's name as receiver. The appellee paid its rent by checks in favor of the "Bond Building Company," and bearing the notation, "Covering amount due you as detailed below. Rent of space in Bond Building as per lease, dated 11/12/12." These checks passed through the banking account of the receiver.

*Mr. Frederic D. McKenney* and *Mr. John S. Flannery,* for appellant, in their brief cited:

*Anderson* v. *Strauss,* 98 Ill. 485; *Carroll* v. *Ballance,* 26 Ill. 19; *Central Appalachian Co.* v. *Buchanan,* 90 Fed. 458; *Central Tr. Co.* v. *Worcester, etc., Co.* 90 Fed. 584; *Colman* v. *Packard,* 16 Mass. 39; *Cornish* v. *Searell,* 8 Barn. & C. 471; *Evans* v. *Mathias,* 7 El. & Bl. 590; *Farmers, etc., Co.* v. *Eaton,* 114 Fed. 14; *Fields* v. *United States,* 27 App. D. C. 433; *Flagg* v. *Flagg,* 11 Pick. 477; *Freedman's Sav. Co.* v. *Shepherd,* 127 U. S. 494, 502; *Funk* v. *Kincaid,* 5 Md. 404; *Grant*

v. *Insurance Co.* 121 U. S. 105; *Hilz* v. *Jenks*, 185 U. S. 155; *Re Prytherch*, L. R. 42 Ch. Div. 590; *Jamieson* v. *Bruce*, 6 Gill & J. 75; *Larned* v. *Clarke*, 8 Cush. 31; *Law* v. *Glenn*, L. R. 2 Ch. 634; *Loring* v. *Bartlett*, 4 App. D. C. 1; *Lows* v. *Telford*, 1 App. Cas. 426; *Marshall* v. *Kraak*, 23 App. D. C. 130; *Mason* v. *Westoby*, L. R. 32 Ch. Div. 206; *Moss* v. *Gallimore*, 1 Doug. 283; *Railroad Co.* v. *Humphreys*, 145 U. S. 82; *Robinson* v. *Arkansas L. & T. Co.* 74 Ark. 292; *Smith* v. *Shepard*, 15 Pick. 147; *Teal* v. *Walker*, 111 U. S. 242; *Union Bank* v. *Kansas Bank*, 136 U. S. 223, 236; *Utermehle* v. *McCreal*, 1 App. D. C. 359; *Van Ness* v. *Hyatt*, 13 Pet. 294, 299; *Willis* v. *Eastern Trust, etc., Co.* 169 U. S. 295.

Mr. *Thomas P. Littlepage, Mr. Frank Gosnell*, and Mr. A. *Leftwich Sinclair*, attorneys for the appellees, in their brief cited:

*Barksdale* v. *Morgan*, 34 App. D. C. 549; *Brown* v. *Storey*, 9 Ad. & El. 342; *Edes* v. *Garey & Lanahan*, 46 Md. 41; *Evans* v. *Mathias*, 7 El. & Bl. 590; *Funk* v. *Kincaid*, 5 Md. 410; *Gartside* v. *Outley*, 58 Ill. 215; *Hughes* v. *Heyman*, 4 App. D. C. 444; *Joseph Bros. Co.* v. *Schonthal Co.* 99 Md. 400; *Keech* v. *Hall*, Dougl. 21; *Loring* v. *Bartlett*, 4 App. D. C. 1; *L. & N. R. Co.* v. *Finn*, 235 U. S. 601, 610; *Middendorf* v. *Refrigerating Co.* 117 Md. 23; *Nealis* v. *Bussing*, 9 Daly, 305, 307; *Outtown* v. *Dulin*, 72 Md. 540; *Posey* v. *Hanson*, 10 App. D. C. 496; *Raub* v. *Carpenter*, 17 App. D. C. 505; *Robbins* v. *Whyte* [1906] 1 K. B. 125; *Underhay* v. *Read*, L. R. 20 Q. B. Div. 209; *Willis* v. *Eastern Trust & Bkg. Co.* 169 U. S. 295, 309, 310; *Wingart* v. *Albert*, 127 Md. 81; *Wiswall* v. *Sampson*, 14 How. 60.

Mr. Justice ROBB delivered the opinion of the Court:

The learned trial justice ruled that what had taken place amounted to an admission of the tenancy of the appellee by the mortgagee, and hence that the foreclosure must be subject to that tenancy. This mortgage is upon District property, and

its foreclosure must be governed by our laws.  Under section 95 of the Code, where an application is made to the court to foreclose a mortgage or deed of trust "the said court shall have authority, instead of decreeing that the mortgagor be foreclosed and barred from redeeming the mortgaged property, to order and decree that said property be sold and the proceeds be brought into court, to be applied to the payment of the debt secured by said mortgage," etc.  [31 Stat. at L. 1204, chap. 854.]  This is nothing more than a recognition of the power possessed by a court of chancery.  Clearly, therefore, when the court assumed jurisdiction of this foreclosure proceeding and appointed a receiver, that receiver became the arm and instrument of the court, and the mortgagee was without authority to control.  Under the order appointing him, the receiver's authority was specifically restricted, and he was directed and authorized "to hold all of said rents and profits subject to the further order and decree of this court."  His possession was the possession of the court, and to say that he intended to recognize, or could have recognized, the validity of this lease, which so vitally affected the rights of the mortgagee, without the sanction of the court, would be to disregard the scope and purpose of such receiverships.  This court has said that "the real custodian of property in the hands of a receiver is the court appointing him." *Fields* v. *United States,* 27 App. D. C. 433.  See also *Grant* v. *Phœnix Ins. Co.* 121 U. S. 105, 30 L. ed. 905, 7 Sup. Ct. Rep. 841; *Union Nat. Bank* v. *Bank of Kansas City.* 136 U. S. 223, 34 L. ed. 341, 10 Sup. Ct. Rep. 1013; *Quincy, M. & P. R. Co.* v. *Humphreys,* 145 U. S. 82, 36 L. ed. 632, 12 Sup. Ct. Rep. 787; and *Hitz* v. *Jenks,* 185 U. S. 155, 46 L. ed. 851, 22 Sup. Ct. Rep. 598.

This was not an attempt by a mortgagee, after taking actual possession of the mortgaged property for condition broken, to sell that property under authority granted in the mortgage, and, incidentally, to seek the appointment of a receiver to collect and hold accruing rents.  Rather, as we already have pointed out, was it an appeal to the court to assume jurisdiction of the entire foreclosure proceeding, and when the court assumed that jurisdiction the authority of the parties became subordinated to that

of the court. Clearly, therefore, the act of the receiver in accepting this rent could not be binding upon the mortgagee, whom he in no way represented; nor did it change the rights of the appellee, for there is no pretense that the court sanctioned the act.

It is suggested that appellant has no standing here because it does not appear that the property, if sold subject to appellee's lease, would not bring enough to satisfy all of appellant's claims. We are not at liberty to speculate upon this question. There is due on appellant's mortgage a large sum, and that mortgage covers the property free of appellee's lease. It therefore was appellee's duty, if it deemed this question material, to introduce proof thereon, and this it has not done. We therefore are unable to say that appellant is not prejudiced by the ruling of the court below.

The decree is reversed, with costs, and the cause remanded for further proceedings.                    *Reversed and remanded.*

Mr. Chief Justice Covington, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal, in the place of Mr. Justice Van Orsdel.