**In re TECHNICAL LAND, INC., Debtor.**

**N. William JARVIS and Ralph D. Kaiser Company, Inc., Appellees/Plaintiffs,**

v.

**TECHNICAL LAND, INC., William E. Moore and Judith Deitz, Appellants/Defendants.**

Civ. A. Nos. 94–1368, 94–1584.

United States District Court, District of Columbia.

Dec. 30, 1994.

Janet Marsha Nesse, Gins & Seeber, P.C., Washington, DC, James Joseph Levin, Rockville, MD, for Technical Land, Inc.

James Joseph Levin, Rockville, MD, for William E. Moore and Judith Deitz.

Patrick John Kearney, Emil Hirsch, Freedman, Levy, Kroll & Simonds, Washington, DC, David Howard Cox, Jackson &

Campbell, P.C., Washington, DC, for Ralph D. Kaiser Co., Inc.

Paul Rainey Webber, IV, Thompson, Hine & Flory, Washington, DC, for N. William Jarvis.

Joan Margaret Stentiford, Office of Corp. Counsel, D.C., Washington, DC, for Harold Bardonille, in his official capacity as Recorder of Deeds for Dist. of Col.

## MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

These companion cases are on appeal from a decision of the Bankruptcy Court. The primary issue in the case below was who owned 1631–1644 Kalorama Street, N.W., Washington, D.C. ("Property"). On June 2, 1994 the bankruptcy judge granted summary judgment for the plaintiffs/appellees ("appellees") invalidating both the title defendants/appellants (appellants) had obtained to the property through a marshall's sale and the liens that appellants had on the property. 172 B.R. 429. On June 27, 1994 the bankruptcy judge granted appellee's motion for summary judgment on all remaining issues.

There are four issues on appeal. The first is whether the bankruptcy judge erred by invalidating a marshall's sale of property. At the time of the sale the property was in custody of a state court appointed receiver. No approval of the sale was obtained from the receiver.[1] Second, appellants claim that the June 2, 1994 grant of partial summary judgment for the appellees was improper because there were material issues of fact in dispute. The third issue is whether the bankruptcy judge erred in granting Ralph D. Kaiser's (RDK) emergency motion for a protective order prior to a hearing on RDK's motion for partial summary judgment. Finally, appellants state that the court below improperly denied them discovery on the remaining issues. For the reasons stated below and those set forth in Judge Teel's well reasoned opinion, the decision of the Bankruptcy Court in Adversary Proceeding 94–0020 will be affirmed.

*Background*

The appellees are RDK and N. William Jarvis ("the Receiver"). RDK claims to have made certain loans between 1987 and 1990 secured by the disputed property. On March 11, 1991 RDK petitioned for the appointment of a receiver for the property in Superior Court for the District of Columbia. The next day the Court appointed a receiver to collect income and rents from the property. In a November 4, 1991 order, the Court expanded the receiver's authority to that of a general receivership for the property and Jarvis was appointed to replace the previous receiver. At all relevant times since then, Jarvis was in possession of the property, collecting the rents, paying the bills and maintaining the property.

On August 4, 1986 Techniarts Video, Inc., William Moore and Judith Deitz filed a complaint with the Superior Court of the District of Columbia against the then-owner of the property, the general partnership 1631 Kalorama Associates, for breach of contract and related claims. On December 11, 1991, nine months after the receiver was appointed, judgment was entered against 1631 Kalorama and in favor of Moore and Deitz in the amount of $131,055.13. During 1992, Moore and Deitz obtained a writ directing the sale of the property. The marshall held an execution sale at which Moore and Deitz were the high bidders at $1.00. Subsequently, Moore filed an *ex parte* motion with the Superior Court to name Technical Land Institute (TLI) as the substitute purchaser of the property, which was granted in December, 1992.

On April 1, 1993 the appellees filed a suit in the Superior Court for the District of Columbia seeking both to invalidate the deed from the marshall's sale and to eject TLI from the property. In November, 1993 TLI filed a voluntary petition for bankruptcy relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court of this district. TLI listed the property as its primary asset.

---

1. The Bankruptcy Court also invalidated appellants' liens on the property, which were subsequent to the appointment of the receiver and were not approved by the receiver.

On December 27, 1993 TLI removed the Ejectment Action to the United States District Court for the District of Columbia, which referred the case to the Bankruptcy Court. The Court conducted two status conferences and scheduled a hearing for the cross-motions for summary judgment which had previously been scheduled for a hearing in the Superior Court. Eleven days before the hearing, appellants sought to depose Jarvis and RDK. On March 19, 1994 the Bankruptcy Court granted, in part, appellees' motion for a protective order. On June 2, 1994 the Bankruptcy Court issued an order granting Jarvis and RDK summary judgment, quieting title in Jarvis as the Receiver. The Court's June 24, 1994 order granted appellees' motion for summary judgment on all remaining issues.

### ANALYSIS

I. *The Bankruptcy Court's Ruling That Land Held By a State Court Could Not Be Transferred Without Leave of the Court Was Correct*

■ The central question of whether property held in custody of the court may be sold without leave of that court, was properly decided by Judge Teel in his well reasoned June 1, 1994 opinion. He held that property in *custodia legis* is not subject to execution without leave of the court. Judge Teel relied on *Wiswall v. Sampson*, 55 U.S. (14 How.) 52, 14 L.Ed. 322 (1852), *Hitz v. Jenks*, 185 U.S. 155, 22 S.Ct. 598, 46 L.Ed. 851 (1902), and *Barton v. Barbour*, 10 D.C. 212 (1877), *aff'd*, 104 U.S. (14 Otto) 126, 26 L.Ed. 672 (1881). The rule set forth in those cases is premised on the need to allow orderly resolution of claims against property and to prevent unnecessary, complex and confusing litigation.

■ Appellants argue that the precedent cited is inapposite where the purchaser in the Marshall's sale did not have notice of the receivership.[2] This Court finds no merit in plaintiff's position. Once a property is in the custody of a court of record, the interest in the property cannot be ousted by a lien subsequently obtained on the property. The custodial court holds the property to the exclusion of subsequent takers unless and until it determines that other interests are paramount. The acts of appellants in this case where they placed a lien on the property and bought it in at a Marshall sale without first obtaining the permission of the custodial court, are a legal nullity.[3] *See Hitz, infra.*

II. *There Were No Issues of Material Fact In Dispute*

Appellants also appeal the decision of the Bankruptcy Court on the ground that there were material issues of fact in dispute. They claim that there were material disputes over both the knowledge of the receiver of the marshall's sale and the possibility that RDK had cross-collateralized its loans on the property. The Court finds that no merit in appellants' claims.

■ Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Mere allegations or denials of the adverse party's pleadings are not enough to prevent issuance of summary judgment. The adverse party's response to the summary judgment motion must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The non-moving party can only defeat a motion for summary

---

**2.** District of Columbia Superior Court Rule Civil 3–I calls for parties to a case involving real property to write "Action Involving Real Property" on their pleadings. In addition, the Clerk of the Court is supposed to assign an "RP" number to these cases. There is some dispute in the submissions of the parties as to whether the Clerk did designate the action "RP". In this case, the Court finds that even if the Clerk did not, it does not affect this Court's decision.

**3.** Furthermore, this Court finds no strong equitable reasons in this case even to consider deviating from the rule. The purchasers at the Marshall's sale paid $1.00 for the property and have made no claim that they have incurred any substantial expenses paying off any liens on the property.

judgment by responding with some factual showing to create a genuine issue of *material* fact. *Harding v. Gray*, 9 F.3d 150, 154 (D.C.Cir.1993).

In this case, any dispute as to the receiver's knowledge of the marshall's sale was not material to the question of whether the property held in *custodia legis* could be transferred without the consent of the court. In *Hitz*, the Supreme Court found that sale without leave of the receivership court was void regardless of the receiver's knowledge of the sale. *Hitz*, 185 U.S. at 168, 22 S.Ct. at 603 (citing *Heidritter v. Elizabeth Oil–Cloth, Co.*, 112 U.S. 294, 5 S.Ct. 135, 28 L.Ed. 729 (1884)). TLI's claims as to RDK's cross collateralization of its loans also are not material. Those claims go to the validity of the receivership itself; the Bankruptcy Court properly found that the receivership was not subject to collateral attack in that court. *See Hemisphere Pictures, Inc. v. Lust*, 36 Md. App. 67, 373 A.2d 48, 49 (1977). Any dispute about the cross-collateralization of RDK's loans was not material to the issues before the Bankruptcy Court.

### III. The Bankruptcy Court's Granting of a Protective Order Was Not Arbitrary or Capricious

■ Appellants have challenged the May 19, 1994 decision of the Bankruptcy Court to grant appellees motion for a protective order. An appellate court reviews decisions by the trial court on discovery matters under an abuse of discretion standard. *See e.g., Carey Canada, Inc. v. Columbia Casualty Co.*, 940 F.2d 1548, 1559 (D.C.Cir.1991). This Court must determine if the Bankruptcy Court's decision to grant the protective order was "clearly unreasonable, arbitrary or fanciful." *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 399 (D.C.Cir.1984).

■ The Bankruptcy Court's decision was within the bounds of its discretion. Appellants argue that the May 19, 1994 protective order improperly denied them the chance to conduct discovery relating to their contention that RDK fraudulently obtained the liens on the property. The Court found that discovery was not necessary to decide the legal question before it—whether property in custody of a state court could be transferred without leave of that court. Hearing on Emergency Motion for Protective Order, June 29, 1994, p. 18. Since the court properly found that it could not hear a collateral attack on the orders giving rise to the receivership its decision to grant the protective order prior to the hearing on cross motions for summary judgment on the question of title to the property was clearly correct and not arbitrary or capricious.

### IV. The Bankruptcy Court's Decision Not to Grant a Continuance for Discovery Before Granting Appellees Motion for Summary Judgment Was Not Arbitrary or Capricious

■ The final issue on appeal is whether the Bankruptcy Court correctly decided the issue of whether RDK's judgments were obtained by fraud without allowing the appellants a continuance for discovery. Once again, this Court reviews the Bankruptcy Court's decision to deny the continuance for discovery under an arbitrary or capricious standard. *See Carey*, 940 F.2d at 1559.

A party adverse to a summary judgment motion may not "rest upon the mere allegations or denials of the adverse party's pleadings." Fed.R.Civ.P. 56(e). Fed.R.Civ.P. 56(f) gives a judge discretion to grant a continuance for discovery if the party opposing summary judgment submits affidavits that explain why it cannot obtain "facts essential to justify the opposition." *Id.*

■ On June 3, 1994 the Bankruptcy Court issued a supplemental memorandum and order to show cause as to why the remaining claims in the case ought not be dismissed on summary judgment. The Court pointed out that "the defendants [had] advance[d] no reason to suggest a basis for believing that the judgments were procured by fraud." Supplemental Decision, June 6, 1994, p. 2. The Court further stated that appellants had not submitted affidavits pursuant to Fed.R.Civ.P. 56(f) that would justify a continuance for discovery purposes and ordered the appellants to show cause as to why it should not decide the remaining issues on summary judgment. The Bankruptcy Court found that to justify a continuance, any

affidavits submitted would need to meet the standards set forth in *Hudson River Clearwater v. Dept. of Navy,* 891 F.2d 414 (2d Cir.1989). *Clearwater* requires that "a party seeking such discovery must file an affidavit explaining (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Id.* at 422.

Appellants did not submit any Fed. R.Civ.P. 56(f) affidavits in response to the order to show cause. Their opposition to the motion for summary judgment simply stated that they had not had time to conduct meaningful discovery into the judgments that RDK had obtained. Because the defendant not only failed to submit Rule 56(f) affidavits, but also because they merely mentioned in their opposition general areas about which they wished to conduct discovery, they utterly failed to meet the standards set forth in *Clearwater.* As a result, the Bankruptcy Court's decision to deny a continuance for discovery was in all respects appropriate.

*Conclusion*

For the foregoing reasons, the judgment of the court below in adversary proceeding 94–0020 is affirmed. An appropriate order follows.