## LEWIS UHL *vs.* PETER DILLON and others.

A bill simply alleging that the defendant is *indebted* to the complainants in a specified sum, and that he is *disposing* of his property and *collecting* the debts due him, and *secreting* the same, with intent to defraud his creditors, and that he intends, as soon as he completes such sales and collections, to *abscond*, for the purpose of hindering, delaying and defrauding his creditors, does not warrant the appointment of a *receiver*, or an *injunction* restraining him from *disposing* of his property.

It is for the *Legislature* to correct the defects, if any, in existing laws, leaving to the debtor the absolute power of disposing of his property, and it is not within the province of courts of equity to stretch their power beyond the limits of the authorities of the law for the purpose of remedying such defects.

APPEAL from the Equity Side of the Circuit Court for Baltimore county.

This is an appeal from an order granting an injunction and appointing a receiver, upon a bill filed by the appellees against the appellant.

The bill alleges, that the defendant is indebted to the complainants in the sum of $3695.56; *that* he is engaged in the pork and provision business, and has purchased a large amount of stock from the complainants and others, payments for a large portion of which are now actually due and unpaid; *that* he is now engaged in disposing of said stock, and has already sold his real estate and received the money therefor, and is also collecting the debts due him and secreting the same, with intent to defraud the complainant and his other creditors;

*that* complainants are informed, and verily believe, that as soon as he is able to complete the sales and collect said debts, he intends to abscond to parts unknown, for the purpose of hindering, delaying and defrauding his creditors of their just claims, and to prevent the recovery thereof. The bill then prays for the appointment of a receiver, and for an injunction restraining him from selling or disposing of his property, or collecting the debts due him, and that his effects may be applied to the claims of the complainants and his other creditors, and for general relief.

Upon this bill the court, (PRICE, J.,) appointed the receiver and granted the injunction as prayed, from which order the defendant, after answer filed, appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and BARTOL, J.

*John J. Snyder* and *Charles F. Mayer* for the appellant, argued:

1st. To sanction either injunction or receivership on a case as presented in this bill, will be to institute the vaguest and wildest basis of judicial control, a *judicial system of bankruptcy*, and a censorship over the citizen's *disposing power* of his property, which may just as well and reasonably be used, (in a course of sumptuary provision with a view to creditor's rights,) to regulate a debtor's personal and family expenses, and, under that judicial discipline, to deprive the debtor and his family of the means of subsistence, lest, by want of due economy, creditors may eventually suffer. *Equity follows the law;* and is not, by assuming a legislative power, to provide remedies for excesses (as one, for instance, of the *jus disponendi*) not provided for by the law, and not provided for just because the case, or evil, being necessarily incident to the matter of *higher consideration*, the inviolable *right of property*, the sanctity of that right forbids interference.

2nd. An injunction in such a case as this is not within the spirit of the act of 1835, ch. 380, sec. 2; for that provision was meant only to allow a creditor, without having a prelimi-

nary judgment under which he might lay execution on the particular property, to impeach any *conveyance,* or other *specific act,* of a debtor fraudulently disposing of *specific property;* and the creditor's proceeding there is, of course, aimed at the debtor's alienee and his coadjutor in the fraud, and not, as here, at the debtor's legitimate disposition of property—legitimate so far as the vendees or third parties are concerned. Nor is this case one of contemplated evasion of the insolvent laws, to defeat which the injunction was issued in the case of *Albert & Wife, vs. Winn & Ross,* 7 *Gill,* 446; although the right to issue even that injunction is very doubtful, and has never been affirmed, nor in that case discussed, because not coming into question in the Court of Appeals. That injunction was granted by Chancellor Bland, whose views as to the rights of creditors to interpose in cases of merely actual, not technical, insolvency, were peculiar, and have been denied by the Court of Appeals. See 2 *Johns. Ch. Rep.,* 144, *Wiggins, et al., vs. Armstrong, et al.*

3rd. This case is founded on the unexplained *"belief,"* (whether even inference from facts or faith in rumor, does not appear,) and on an allegation of undefined *"secreting,"* (whether secreting by putting in the debtor's pocket, or in his safety closet, or depositing it but guardedly from others out of sight, and beyond access and spoliation, does not appear.) Can an injunction on such a basis of vague assertion, or effectively of mere *opinion,* little better than *conjecture,* be justified? and ought not *the facts* on which the *"belief"* is grounded, or the transactions and devices specifically which define and characterise the *"secreting,"* to be set out in the bill? So says the decision in the case of *Warfield vs. Owens,* 4 *Gill,* 382, as we interpret it.

*Jas. Malcolm* and *St. Geo. W. Teackle* for the appellees, argued: That it is upon the bill the cause is to be tried, without reference to the answer, the appeal having been taken from the orders granting the injunction and appointing the receiver, and that the court below was right in such action, upon the allegations and averments in the bill. 7 *Gill,* 446, *Albert & Wife, vs. Winn & Ross.*

Uhl *vs.* Dillon, *et al.*

BARTOL, J., delivered the opinion of this court.

The bill, filed by the appellees in this cause, states no sufficient case entitling them to the relief prayed.

No authority has been shown to this court, nor can any be produced, entitled to consideration, which sanctions the exercise of the high and extraordinary power of a court of chancery, to interpose, by writ of injunction, in a case like the one before us, restraining a debtor in the enjoyment and power of disposition of his property.

The appellees, (the complainants below,) are merely general creditors of the appellant, who have not prosecuted their claim to judgment and execution, nor in any other manner acquired a lien upon the debtor's property, and were not entitled to the writ of injunction nor to the appointment of a receiver.

Whatever may be the supposed defects of the existing laws of the State, in leaving to the debtor the absolute power of disposing of his property, and leaving the creditor to the slow and very inadequate legal remedies now provided, if such defects exist, it is solely in the power of the Legislature to correct them. It is not within the province of the chancery courts to stretch their power beyond the limits of the authorities of the law, for the purpose of remedying such defects.

Such a course would be productive of great mischief, and make the rights of the citizen depend upon the vague and uncertain discretion of the judges, instead of the safe and well defined rules of law.

The learned Chancellor Kent, in the decision of the case of *Wiggins & others, vs. Armstrong & others,* 2 *Johns. Ch. Rep.*, 144, has stated, most clearly and forcibly, the principles which govern the case before us, and we adopt its reasoning as applicable here. See the authorities referred to by the chancellor in his opinion in the case cited. See, also, 1 *Paige,* 168. *Adams' Equity,* 487.

We reverse the order of the circuit court granting the injunction and appointing a receiver, and dismiss the bill, with costs.

*Order reversed and bill dismissed with costs.*