## Jas. P. J. Hubbard vs. Ennalls Hubbard

A bill filed by a *creditor* against his debtor, alleging, in substance, that the complainant *fears* and believes that it is the purpose of the defendant to perpetrate *a fraud* upon him, by *placing his effects beyond his reach* before the complainant can *obtain a judgment* on his claims, does not authorize the granting of an *injunction*, or the appointment of a *receiver*. Such a case is not within the 2nd sec. of the Act of 1835, ch. 380.

Appeal from the equity side of the Circuit court for Caroline county.

This appeal is from an order granting an injunction and appointing a receiver upon a bill filed by the appellee against the appellant on the 16th of April 1857.

The bill alleges that the defendant is indebted to the complainant in the sum of $914.97, on a note in his favor, and on a note and open account in favor of Thomas Locherman and assigned to the complainant; that complainant has repeatedly called upon the defendant for a settlement of these claims and he pretended to have some set-off against the note in favor of Lockerman, and though informed by Lockerman that such was not the fact, complainant proposed to refer the matter to arbitrators for adjustment, which was agreed to by the defendants, and many of the preliminaries arranged, the referees agreed upon, the necessary bonds and papers drawn up, and appointments made from time to time for a meeting to complete the arrangements, but the defendant, though repeatedly at the place of meeting, never did complete the agreement, and, finally, repudiated the arrangement and refused to have anything to do with it, and ceased to communicate with complainant upon that or any other subject; that, subsequently, complainant authorised Lockerman to call on the defendant for a settlement of his claims, but the latter not only refused to pay the same, or any part of them, but said he never would pay them, or any part of them, and that complainant could get them as he could, and that he, the defendant, meant to take care of himself. The bill further charges that some time before the occurrence of a fire at Keene's Landing, by which the store goods of the defendant were destroyed, the latter remarked to one Jas. Collins, as complainant is informed that

he intended to wind up his business in the spring and leave the place, and since this fire, he, in conversation with one J. H. Spence, as complainant is also informed, while talking about complainant's claim, said he should never pay one dollar of it, and complainant might get it as he could. The bill also further charges that the defendant was carrying on merchandising in a store-house at Keene's Landing, belonging to complainant, since September 1855, and, during the past month, his goods, which were insured with the store which was not insured, were consumed by fire, and the defendant has made a claim on the Baltimore Fire Insurance Company, in which he was insured, for the amount of his damages, and, in addition to this claim, he has various claims against citizens of Caroline county, in the neighborhood where he transacted his business, for goods sold on credit. The complainant charges, for so he is informed and verily believes, that the defendant is now diligently collecting the debts due him with a view to remove from his present location, and for the purpose of defrauding complainant or any other creditor he may have, by placing his means beyond the process of the law; complainant, therefore, charges that, from the acts and doings of the defendant as above stated, he has great reason for fearing, and he believes, that it is the object of the defendant to defraud him by refusing to pay any amount of his aforesaid claims, and to place, before complainant can reduce his claims to judgments and take process by execution or attachment, his debts, and goods and chattels, where complainant will not be able to reach them, and that he is and will be remediless without the interposition of a court of equity, by reason of the fraud, which the defendant is, as complainant verily believes, about to perpetrate upon him, in manner and form as before stated.

The bill then prays for the appointment of a receiver to take charge of all the books, accounts, notes, papers, goods and effects of the defendant, collect the same and dispose of them under the direction of the court, and for an injunction restraining the defendant from collecting, assigning, transferring or releasing any debt, bill, note, account, or claim, or demand,

due to him, and from disposing of any of his goods and effects, and to deliver the same to the receiver, and further enjoining the Baltimore Fire Insurance Company from paying to the defendant or to any one for him the amount claimed of them by him as aforesaid, and for general relief.

The bill was sworn to, and, on the 15th of April 1857, the day before the bill *was filed*, the court (HOPPER, J.) endorsed upon it an order appointing a receiver, and granting the injunction as prayed. From this order the defendant, having first filed his answer, appealed.

The bill gives the date and amount of the notes, and the amount of the account therein referred to, but not the date of the latter. It also alleges that the notes and account were filed with the bill, but they are not in the record, which states they have not been filed. No injunction bond was required by the order appealed from or given.

₀The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Carmichael* and *Brown*, for the appellant, argued for a reversal of the order:

1st. Because it was passed *before* the bill was filed, in violation of the 1st rule of the Chancery court, as laid down in *Alex. Ch. Pr.*, 366, which rules have been adopted and acted on as rules of practice in all the counties comprising the seventh judicial circuit.

2nd. Because it was based on supposed evidences of debt alleged to be filed as parts of the bill, but which, in fact, were not filed with the bill, and had not been filed when this appeal was taken. In the absence of these supposed evidences of debt, it was impossible for the defendant to make full answer, and he was driven to appeal.

3rd. The subpœna and injunction issued in violation of the 3rd rule of the Chancery court, as laid down in *Alex. Ch. Pr.*, 366. The bill gives no certain description of the notes. It does not state whether they were due or not, whether given for value or not, or whether under seal or not. The amounts and dates of the notes only are given, but there is no date

given to the account, and, in the absence of all items, it must be the subject of conjecture merely. 8 *G. & J.*, 324, *Union Bank vs. Poultney.*

4th. The complainant does not claim any interest as partner, or any lien on the property belonging to the defendant. It is an ordinary case of debtor and creditor, and the law affords the complainant full remedy. He does not even state that he had instituted proceedings at law, and that he had used the means of injunction and the appointment of a receiver as ancillary to his legal remedy. 7 *Md. Rep.*, 398, *Guyton vs. Flack.*

5th. The bill does not make such a case as it ought to satisfy the conscience of the court that the supposed evidences of debt were in truth due, and therefore the injunction should not have been granted. It does not pray for an account, if that were proper, nor for a discovery of claims in bar, so that the injunction would, at all events, be nugatory.

6th. The court should have required a bond from the complainant as a condition precedent to the issuing of the writ of injunction. 5 *Gill*, 138, *Alexander vs. Ghiselin.* 3 *Md. Ch. Dec.*, 331, *Reynolds vs. Howard.*

7th. The bill alleges that the complainant *fears* and *believes* the defendant designs to perpetrate a fraud on him by putting his effects beyond his reach before he can obtain judgments at law and issue execution thereon, but the *facts* stated in the bill do not begin to make out a case of fraud. 4 *Gill*, 364, *Warfield vs. Owens.*

8th. If there was no case to warrant an injunction, there was none certainly for the appointment of a receiver. If there was a *prima facie* case for an injunction, still the defendant ought to have been allowed opportunity to show cause why a receiver should not be appointed. 2 *Md. Ch. Dec.*, 157, *Drury vs. Roberts.* 3 *Md. Rep.*, 99, *Furlong vs. Edwards.* 9 *Gill*, 472, *Speights vs. Peters.*

No counsel appeared for the appellee.

Le Grand, C. J., delivered the opinion of this court.

This case we regard as concluded by the decision in *Uhl*

vs. Dillon, et al., 10 Md. Rep., 500. That was a case which, although in its general features somewhat like the present, was stronger in its allegations of fraud, but the court did not consider it such an one as to justify the granting of an injunction and the appointment of a receiver. It alleged that the complainant, having sold his real estate and received the money for it, was proceeding to collect his debts, as they were informed and believed, with the intention to abscond to parts unknown, and thereby defraud his creditors. Here the principal allegation is, that the complainant fears and believes that it is the purpose of the defendant to perpetrate a fraud on him by placing his effects beyond his reach before he can obtain a judgment. Neither the case in 10 Md. Rep., to which we refer, nor this one, is within the 2nd section of the Act of 1835, chapter 380.

Order reversed with costs.

(Decided July 29th, 1859.)