## JOHN STOUFFER, JR. *vs.* JOHN NIPLE.

*Who will be considered an Absconding debtor under the Attachment law.*

If one secretly remove from his usual place of residence, with the intention to evade the payment of his just debts, or to injure or defraud his creditors, he will be regarded as having absconded, although he may not have left the State, and may be proceeded against, under the law of attachment, as an absconding debtor.

APPEAL from the Circuit Court for Washington County.

The appellee on the 31st of May, 1873, sued out an attachment on warrant against the appellant as an absconding debtor. The affidavit of the plaintiff stated that he knew and believed that John Stouffer, Jr., had absconded. On the 11th of November, 1873, the defendant appeared and moved to quash the attachment for the following reasons:

1. That the defendant was a citizen and resident of the State of Maryland at the time of the issuing of the attachment.

2. That the defendant had not absconded from the State of Maryland, and had no intention of so doing, either at the time of the suing out of said attachment, or at any time since, but was then, as he had been for a long time before, and has been since, living and residing with his family in the State of Maryland.

And at the same time he filed his affidavit in which he stated "that at the time the attachment was sued out against him he was not a non-resident of the State of Maryland, nor had he absconded therefrom, but that he was a citizen and resident of said State, and had no intention

of moving from or absconding from the State, and that although he was temporarily absent from the State, he was only working temporarily out of the State in support of his family, who remained in the State and resided here, and that when he had finished the said work, he returned to the State and his family, and at the last election voted in the county of Washington, where he had been duly registered before the issuing of said attachment."

*Exception:* At the trial of the motion to quash the attachment in this cause, the defendant, to sustain said motion, offered in evidence, besides his affidavit, the book of the registrar, the poll-book of voters and the return of the judges of election of the fourteenth election district of Washington County, for the purpose of showing that he was a registered voter in said district, and had voted at the regular State and county election, in November, 1873; which testimony and evidence was admitted, subject to exceptions.

The defendant then proved by other witnesses that he had been a citizen and resident of Washington county for several years prior to the suing out of this attachment; that he owned property in said county, on which property his family lived now and had lived for the said several years; that he was working on a railroad in Pennsylvania; that he was seen by them on the 4th of November, 1873, the day of the said election, at the voting place in said election district, and that he had voted on that day.

The plaintiff then proved that he had visited the home of the defendant about Christmas, 1872, and had been informed by the defendant's wife, that the defendant was not at home; and further proved, that the defendant had been seen near his home not over three or four days before that time, and by the plaintiff himself; that he had visited the home of the defendant several times between Christmas and the suing out of this writ, but had not found him at home; that he, the plaintiff, was subsequently informed

by a letter from a neighbor of the defendant, that he had run away, and intended coming back for his property, and that subsequent to this, and on the day he sued out the said attachment, he had passed along the road in front of the house of the defendant, and was told by a man working in an adjoining field, that the defendant was not at home, but he, the plaintiff. did not inquire at the defendant's house for the truth of this information. And further gave evidence, that being informed, and verily believing that the defendant had absconded, he then came to Hagerstown, and sued out the attachment.

The Court, (MOTTER, J.,) overruled the motion to quash the attachment, and entered judgment of condemnation. The defendant excepted and prosecuted this appeal.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER and ROBINSON, J.

*Hy. Kyd Douglas,* for the appellant.

In passing upon the motion to quash the attachment, it was the duty of the Court to require legal proof that the defendant was (not that the plaintiff believed him to be) an absconding debtor. The proof is to satisfy the judgment of the Court, and for the most obvious reason, the truth of the affidavit may be and should be enquired into, and if it is not sustained by the facts, the attachment should be quashed. *Barr vs. Ferry,* 3 *Gill,* 317; *Clarke, Dodge & Co. vs. Meixsell & Grafton,* 29 *Md.,* 221.

The Court of Appeals have said that "the design of the attachment law is to protect our own citizens from summary proceedings, as well as to give them a remedy against debtors." "The attachment is an extraordinary writ. To use it when the debtor is within the reach of ordinary process is wholly inconsistent with the spirit and design of this mode of procedure." They say also in speaking of attachments against non-resident debtors that the non-residence is as essential as the indebtedness, and

that the absence from one's domicil for a temporary purpose, attended with an *animus revertendi*, will not amount to a change of domicil.

The place where a married man's family resides, or which he considers his home, or where he votes, is generally to be deemed his domicil. The restrictions which the Courts throw around the exercise of this summary remedy are salutary, for valuable as the law is, a loose construction of it would lead to oppression and ruinous hardships. *Risewick vs. Davis*, 19 *Md.*, 92; *Drake on Attachments*, · sec. 39; *Story's Conflict of Laws*, sec. 46–48.

It is true a party may subject himself to the operation of the attachment law against absconding debtors, without leaving the limits of the State, (*Field, et al. vs. Adreon, et al.*, 7 *Md.*, 209,) but he must have absconded. An absconding debtor is one who *with intent* to defeat or delay the demands of his creditors, conceals himself, or withdraws himself from his usual place of abode beyond the reach of process. But if he depart from the State or from his usual abode with the intention of again returning, and without any fraudulent design, he has not absconded within the intention of the law. *Drake on Attachments*, sec. 48–51; *Fitch vs. Waite*, 5 *Conn.*, 117; *Boardman vs. Bickford*, 2 *Aiken*, 345.

Is ·there anything in this cause to bring the appellant within the definition of an absconding debtor? Is there any evidence to raise a reasonable suspicion that he intended to abandon his family and property in order to get beyond the reach of the plaintiff? The *bona fides* of his residence and right to vote in Washington county, was not even questioned by the jealous zeal of politicians !

The uncontradicted statements in the defendant's affidavit to sustain his motion, which was admitted without objection, and which, at any rate, should be considered as evidence, (*Lambden ·vs. Bowie*, 2 *Md.*, 337; *Gover vs. Barnes*, 15 *Md.*, 576,) utterly destroy the *prima facie* case made by the plaintiff's affidavit and controvert any infer-

ence or presumption which might be drawn from any portion of the plaintiff's testimony.

*Edward Stake* and *Lewis C. Smith*, for the appellee.

The motion to quash was properly overruled. The evidence shows that the defendant could not be found by the plaintiff, at his usual place of residence, from Christmas, 1872, until the issuing of the attachment, in May, 1873, and that his family stated he was not at home, at a time when he was seen in the vicinity. It was not necessary he should leave the State. An absconding debtor is one who, with intent to defeat or delay the demands of his creditors, conceals himself, or withdraws from his usual place of residence, beyond the reach of their process. *Drake on Attachment, sec.* 48; *Bennett vs. Avant,* 2 *Sneed,* 153; *Field et al. vs. Adreon et al.,* 7 *Md.,* 209.

The return of the defendant at the election in November 1873, or even his appearance to the action, is not sufficient to defeat the attachment. He may have been an absconding debtor at the time the writ was issued, and have returned afterward. *Drake on Attachment, sec.* 53; *Phillips vs. Orr,* 11 *Iowa,* 283.

The affidavit of the attaching creditor makes a *prima facie* case in favor of the plaintiff, and entitles him to the attachment, so that on a motion to quash the writ, the burden of proof is on the defendant making the motion. *Lambden vs. Bowie,* 2 *Md.,* 340; *Field, et al. vs. Adreon, et al.,* 7 *Md.,* 209.

There was no proof on the part of the defendant to overcome the *prima facie* case of the attaching creditor. The book of registration, poll book of voters, and affidavit of the defendant, were admitted subject to exception, and should be stricken out. None of them are made evidence by law. The book of registration only shows that he was a qualified voter at the time of registration, but does not show at what time he was registered; and the poll book of

31                              v. 40

voters, that he voted in November, 1873. The affidavit of the defendant was clearly not evidence. He should have been produced at the trial as a witness, and subjected to cross-examination. Even if admissible as preliminary to the motion to quash, it was not evidence of the facts stated in it, without an admission of its truth, or proof to sustain it. *Lambden vs. Bowie,* 2 *Md.,* 337.

·ROBINSON, J., delivered the opinion of the Court.

This is an appeal from the judgment of the Court below, overruling a motion to quash a writ of attachment.

Sec. 3, Art. 10 of the Code provides, "that every person who shall actually run away, abscond, or fly from justice, or secretly remove himself from his place of abode, with intention to evade the payment of his just debts, or to injure or defraud his creditors, shall be considered as having absconded."

It is not necessary that the debtor should *actually leave the State,* to entitle a creditor to a writ of attachment. If he absconds or flies from justice, or secretly removes from his usual place of residence, with the intent to evade the payment of his debts, or to injure or defraud his creditors, he is declared by the statute as having absconded. *Field, et al. vs. Adreon, et al.,* 7 *Md.,* 209.

The fact that the appellant was a registered voter in Washington County, and had voted at the November election of 1873, was not sufficient, in our opinion, to overcome the proof offered on the part of the appellee tending to prove that the appellant had left his usual place of residence or had concealed himself for the purpose of avoiding process, and with intent thereby to evade the payment of his debts.

The motion to quash was properly overruled.

*Judgment affirmed.*

(Decided 24th June, 1874.)