BARTHOLOMEW BALLS *vs.* ELIZABETH BALLS and
others.

*Equity jurisdiction—Injunction—Debtor and Creditor—
Remedy at Law—Judgment—Execution on Judgment—
Act of 1835, ch. 380, sec. 2.*

A Court of equity will not, at the instance of the holder of a
promissory note upon which he has not obtained judgment, en-
join the maker from conveying her property on the ground that
the object of such conveyance is to delay and hinder the creditor
in the collection of his debt.

It is an invariable rule, except where changed by statute, that the
holder of a debt cognizable at law, cannot obtain relief in equity,
until he has shown that his legal remedies are inadequate. If
he seeks to subject real estate to the payment of his debt, he
must obtain a judgment creating a lien upon it; and if he is pursu-
ing personal estate, he must obtain a lien by an execution on his
judgment.

The Act of 1835, ch. 380, sec. 2, that dispenses with the necessity
of a judgment in all cases of proceedings in equity "to vacate
any conveyance or contract, or other act as fraudulent against
creditors," has no application where the thing complained of
has not been executed, but rests merely in contemplation or in-
tention.

APPEAL from the Circuit Court for Baltimore County,
in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE,
MILLER, BRYAN, and McSHERRY, J.

*William H. Brune,* and *E. Calvin Williams,* for the
appellant.

*M. W. Offutt,* for the appellees.

BRYAN, J., delivered the opinion of the Court.

Bartholomew Balls filed a bill in equity, in which it was alleged that Elizabeth Balls was indebted to him by virtue of certain promissory notes; and that for the purpose of defrauding, delaying and hindering the said Benjamin in the collection of his debt, she was about to transfer to Sallie Balls Dampman, the wife of Winfield S. Dampman all of her property of every kind; especially her interest in a certain piece or parcel of land, described in the bill of complaint. The prayer was that Elizabeth Balls might be enjoined by writ of injunction from so conveying the said property, and that a trustee might be appointed to sell the land for the payment of the debt and for general relief. The Circuit Court at the hearing dismissed the bill. The question on which the case will be decided makes it unnecessary to state the proceedings more fully.

Except where changed by statute, it is an invariable rule that the holder of a debt cognizable at law cannot obtain relief in equity, until he has shown that his legal remedies are inadequate. If he seeks to subject real estate to the payment of his debt, he must obtain a judgment creating a lien upon it; if he is pursuing personal estate, he must obtain a lien by an execution on his judgment. When he has by these means acquired an interest in his debtor's property, he will be in a condition to ask the aid of a Court of equity; if, in other respects, he can show a case within its jurisdiction. *Wiggins vs. Armstrong,* 2 *Johns. Ch.,* 144 ; *Brinkerhoff vs. Brown,* 4 *Johns. Ch.,* 671 ; *Birely vs. Staley,* 5 *Gill & J.,* 432; *Griffith vs Frederick Co. Bank,* 6 *Gill & J.,* 424. The Act of 1835, chapter 380, section 2, dispensed with the necessity of a judgment in all cases of proceedings in equity "to vacate any conveyance or contract or other act as fraudulent against creditors." This Act clearly has no application where

MARYLAND REPORTS.

the thing complained of has not been executed, but rests merely in contemplation or intention. And so it has been decided in *Uhl vs. Dillon,* 10 *Md.,* 500, and *Hubbard vs. Hubbard,* 14 *Md.,* 356. In the present case, the complainant is merely a creditor at large, and therefore the very foundation for his bill is wanting.

We must affirm the decree.

*Decree affirmed.*