GEORGE F. OBRECHT *v.* LAWRENCE E. ENSOR
ET AL., RECEIVERS.
[No. 51, January Term, 1932.]

392

*Decided April 14th, 1932.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*Charles F. Obrecht* and *Lester H. Crowther,* with whom were *Obrecht & Baumann* on the brief, for the appellant.

*John L. G. Lee,* with whom were *Wm. P. Cole, Jr.,* and *Noah E. Offutt* on the brief, for the appellee.

Bond, C. J., delivered the opinion of the Court.

On one and the same day, an attachment was levied on the property of George W. White, of Baltimore County, and his property was placed in the hands of receivers by the circuit court of the county, in equity, and the question of priority between the two seizures is contested in this proceeding. The receivers, with leave of the court which appointed them, intervened in the attachment suit, at law, and filed a motion to quash the attachment; and that motion was granted; and the attaching creditor has appealed.

It was stated in argument that the receivers were appointed at the instance of a general creditor, and the appellant, in answering the motion to quash the attachment, stated that the receivers were appointed to take possession of White's property because he had absconded; and it is not explained in this case how the property of an individual debtor can thus be sequestrated by a court of equity in aid of a creditor whose claim has not even been reduced to judgment. *Uhl v. Dillon,* 10 Md. 500; *Hubbard v. Hubbard,* 14 Md. 356; *Balls v. Balls,* 69 Md. 388, 16 A. 18; *Frederick County Nat. Bank v. Shafer,* 87 Md. 54, 39 A. 320; *Lipskey v. Voloshen,* 155 Md. 139, 143, 141 A. 402. But the action of the court of equity could not, on that ground, be reviewed collaterally in this proceeding. *Dugan v. Mayor, etc., of the City of Baltimore,* 70 Md. 1, 7, 16 A. 501; *Emmert v. Middlekauff,* 118 Md. 399, 84 A. 540.

The attachment was issued shortly after 9 o'clock in the morning, charging that White, the debtor, had absconded. The writ issued by the clerk, and his subsequent schedule of goods attached, were on forms reciting that the debtor was a non-resident, but this inconsistency did not affect the right to the attachment on the proceedings taken. The creditor is required only to maintain his own allegation and contention that the debtor had absconded. The sheriff of the county promptly sent his deputies to two farms to levy on White's

goods. There was a judgment outstanding against White, held by a stranger to these proceedings, and in an earlier execution upon that judgment there had been levies on one farm on the day before, and on another farm on the same day. At the first farm, the deputy sheriff, under the Obrecht attachment, viewed the goods about midday, or 1 o'clock, on the day on which the attachment was sued out, and as he proceeded prepared his schedule of the goods levied upon. He had at the outset asked to be permitted to see the wife of the debtor, but was delayed by an answer that she was under the care of a physician and could not be seen; and only after the schedule had been finished, after 3 o'clock, did he lay the attachment in her hands, as garnishee. At the second farm, having just finished on that morning the levy by way of execution on the stranger's judgment, the deputy did not repeat his visit, but merely prepared a second schedule for the Obrecht attachment, too.

The receivers filed their bond after their appointment, at 2 o'clock p. m., while the deputy sheriff was levying on the property for the attachment. Under the rule adopted in Maryland, the goods did not pass into their custody upon the filing of their bond, but only upon their actually taking possession. *Farmers' Bank v. Beaston,* 7 G. & J. 421; *Everett v. Neff,* 28 Md. 178, 187; *Miller, Equity Procedure,* sec. 616. There is testimony that before the bond was filed, and while representatives of Obrecht, the attaching creditor, were visiting the farms, a representative of the receivers was on the place taking charge; but as there were no qualified receivers at that time, this action would seem to have been without legal effect. There is no evidence to show when the receivers took possession after their appointment and qualification. We conclude, then, that if the attachment was validly sued out, it was levied before the receivers took possession of the assets.

For the receivers it is contended that the attachment was invalid because the debtor was not, in fact, an absconding debtor, and because the voucher filed with the affidavit of the attaching creditor was legally insufficient, in that it gave

only the dates and amounts of charges on the account of dealings between the parties. Evidence to prove the absconding of the debtor was offered by the creditor, and from this it appeared that, as stated, there was a judgment outstanding against White, that there was a note due, which he could not pay, that during three days before the attachment was sued out the creditor had sought White at his residence and farm, and failed to find him, and that a man left in charge of the farm reported that he did not know where White was, that White had the note to meet and could not meet it, and that it was not known when he would be back. The statute, Code, art. 9, sec. 3, gives the definition of an "absconding debtor" as one "who shall actually run away, abscond or fly from justice, or secretly remove himself from his place of abode, with intention to evade the payment of his just debts, or to injure or defraud his creditors." And this is to be applied in recognition and pursuit of the purpose of the attachment law, to enable creditors, by seizing the property of a debtor, to compel his appearance to answer the demand of a creditor, when the debtor's action makes it appear that he is beyond the ordinary process of the courts, with the intention of evading his creditors. *Risewick v. Davis,* 19 Md. 82, 91; *Albert v. Albert,* 78 Md. 338, 348, 28 A. 388. At the same time, of course, we are to seek the assurance which the law obviously intends against having this summary remedy used for the vexation of one who is not out of reach of the ordinary process evading his creditors. It is the opinion of this court that the absence of three days from the residence and place of work of the debtor, in a place unknown to those in charge of his property, with the time of his return unknown, when he was faced with demand for payment on a note which he could not meet, was sufficient to justify the proceeding under the statute on the assumption that the debtor had absconded. As has been observed, the attaching creditor has alleged that the receivers were appointed on the ground that the debtor had absconded, and this allegation has not been denied. *Field v. Adreon,* 7 Md. 209; *Stouffer v. Niple,* 40 Md. 477. It appears that service of the summons, issued at the time of

issuing the writ of attachment, was obtained upon White two weeks later, but the sufficiency of the attachment must depend upon the facts as they were when the attachment was resorted to, and we think these were sufficient to support the allegation that the debtor had absconded, as has been stated.

The objection to the sufficiency of the voucher or cause of action does not appear to have been made in the trial court, and it may be assumed that, if it had been made, there would have been an immediate amendment and correction of any deficiency, under the authority of the Code, art. 9, sec. 28. And this possibility of amendment under the present law brings the objection within the prohibition of the Code, art. 5, sec. 10, against raising in this court objections not raised below, for the leading purpose of that prohibition has been to remedy the evil of action for the first time in this court, upon objections which if made below could have been met by amendment there, once for all. "The leading motive of the Legislature in passing the act of 1825 [now Code, art. 9, sec. 28], was to remedy an evil which had been severely felt and was loudly complained of, that in this court the judgments of the county courts were reversed upon points never raised or decided below, and which, had they been there raised, would at once, by amendment or otherwise, have been obviated and never been presented for the consideration of the appellate court." *Leopard v. Chesapeake & O. Canal Co.,* 1 Gill, 222, 228; *Tyson v. Shueey,* 5 Md. 540, 552. The objection comes too late now, when the time for amendment has passed. *Sugar Products Co. v. Kitzmiller,* 137 Md. 647, 653, 113 A. 345; *De Bearn v. De Bearn,* 119 Md. 418; and see *Gill v. Physicians' & Surgeons' Building,* 153 Md. 394, 407, 138 A. 674.

> *Order reversed, and case remanded for further proceedings, with costs to the appellant.*