283 P.2d 915

Louis. ROUGLE, Plaintiff-Appellant,

v.

Richard H. TURK, Defendant-Respondent.

No. 8214.

Supreme Court of Idaho.

May 13, 1955.

Charles Herndon, Salmon, for appellant.

F. A. McCall and Wayne Loveless, Salmon, H. William Furchner, Blackfoot, for respondent.

PORTER, Justice.

On October 6, 1953, respondent was the defendant in a criminal proceeding pending in the District Court in Lemhi County. On such date he posted with the sheriff of such county the sum of $1,000 cash as a bail bond. Such bail money was deposited by the sheriff with the clerk of such court.

On October 10, 1953, appellant commenced this action against respondent to recover wages and penalties alleged to be due appellant.

On October 12, appellant filed an affidavit and undertaking upon which a writ of attachment was issued. Under the writ of attachment, the Sheriff of Lemhi County served notice of garnishment upon the clerk; and the clerk answered, stating that he held the $1,000 cash bail bond. On October 16, respondent moved to dissolve such attachment and on November 17, the court quashed such attachment proceedings.

In the meantime, on October 12, the criminal proceeding against respondent was dismissed and his bond exonerated. The clerk refused to return the bail bond to respondent by reason of the garnishment. On October 17, appellant filed a new affidavit for attachment, but did not file a new undertaking and the clerk issued the writ of attachment reciting therein that a proper undertaking had been filed. Again the clerk was garnished by the sheriff under the new writ of attachment and again the clerk answered that he had the $1,000 bail bond.

Respondent moved to dissolve the second attachment proceedings and on December 10, filed an amended motion to dissolve the attachment. On May 3, 1954, the court entered an order granting leave to respondent to file a second amended motion to dissolve the attachment and set such motion for hearing on May 11. On May 8 appellant asked leave to amend his affidavit for attachment by including therein, in addition to the amount alleged to be due for wages, claimed penalties and attorney's fees in the action. On May 11 respondent's motion to dissolve the attachment and appellant's motion to amend his affidavit for attachment were heard by the court.

On June 30 the court entered its order granting the motion of respondent to dis-

solve the attachment, and denying the motion of appellant to amend his affidavit for attachment. The order does not state upon what grounds the motion to dissolve the attachment was granted. The order further provided that the deposit of $1,000 in the hands of the clerk of the court be held for 60 days after June 25, 1954, to permit plaintiff to perfect an appeal to the Supreme Court, should he decide to do so. From such order appellant has appealed to this court.

Appellant, in his brief, states that there are two questions presented on this appeal: "(1) Were the funds in the hands of the clerk of the district court subject to garnishment on October 17, 1953? (2) Was the writ of attachment issued October 17, 1953, valid?" Respondent raises the additional question that the appeal not having been perfected within 20 days after the order was made, the lien of the attachment was no longer in force and effect under the provisions of Section 13–208, I.C., and that the trial court was without jurisdiction to make an order extending such time to 60 days. We will discuss only the second question raised by appellant as to whether the writ of attachment issued October 17, 1953, was valid, for the reason that our answer to such question is decisive of this cause and makes unnecessary a determination of the other questions raised herein.

The affidavit upon which the first writ of attachment was issued, failed to specify the amount of the indebtedness claimed due. Such affidavit was fatally defective and the court properly quashed the attachment proceedings based thereon. Kerns v. McAulay, 8 Idaho 558, 69 P. 539; Sunderlin v. Warner, 42 Idaho 479, 246 P. 1; Kern Valley Bank v. Koehn, 157 Cal. 237, 107 P. 111; 5 Cal.Jur.2d, Attachment and Garnishment, Sec. 59, pp. 675–6.

It is the contention of appellant that the clerk could and did accept the undertaking filed in the first attachment proceedings as the undertaking in the new and second attachment proceedings and that the writ of attachment issued thereon was valid. In his reply brief he apparently takes the alternative position that the question of the undertaking is not properly before this court, asserting that such question was not raised in the lower court.

The second amended motion to dissolve the attachment was not called for in the praecipe filed by the appellant and does not appear in the transcript, and the grounds set out in such motion are not before us. The record, including the recitals in the order of the court, is sufficient to show that such motion was made and passed upon by the trial court. Steve v. Bonners Ferry Lumber Co., 13 Idaho 384, 92 P. 363; Fredricksen v. Luthy, 72 Idaho 164, 238 P.2d 430. As hereinbefore pointed out, the order of the court does not set out the grounds upon which it is based. This court has held under similar circumstances that there is nothing before it upon which it can determine whether

error was committed by the trial court and that therefore the order must be affirmed. Medbury v. Maloney, 12 Idaho 634, 88 P. 81; Steve v. Bonners Ferry Lumber Co., supra.

█ In this case, however, appellant has raised the question of the validity of the undertaking and has briefed and argued the same. Respondent has not challenged appellant's right to present such question and has in turn briefed and argued the same to this court. Accordingly, we feel at liberty to consider the merits of the question of whether the clerk could accept the undertaking filed in the first attachment proceedings as a proper and sufficient undertaking in the second attachment proceedings.

█ Section 8–503, I.C., provides that before a writ of attachment may issue an undertaking must be required by the clerk. If such undertaking be not filed the writ of attachment is void. Gordon v. Kerr, 53 Idaho 106, 21 P.2d 930. In 7 C.J.S., Attachment, § 145, p. 326, it is said:

"Where a statute authorizing attachment requires, as a condition to the issuance of the writ, that a bond shall be given by plaintiff to indemnify defendant for any loss or injury resulting from the attachment in case it proves to be wrongful, a failure to give such bond is fatal, and an attachment issued without the necessary bond is invalid."

See also, 5 Cal.Jur. 2d, Attachment and Garnishment, Sec. 59, pp. 675–6.

█ Appellant does not contest the foregoing rule, but seeks to avoid same by suggesting that more than one writ of attachment may be issued in the same attachment proceedings. Assuming this to be true, it avails appellant nothing, for if the original writ of attachment under the first proceedings were void, any other writs of attachment based on the same proceedings would likewise be void. Appellant further urges that the undertaking was merely defective and that respondent having failed to object to the sufficiency of such undertaking, has waived his right to object to same. To this contention we cannot assent.

The original attachment proceedings were quashed. The second attachment proceedings were new and original proceedings. The liability of the surety on the undertaking was fixed when the original attachment proceedings were quashed. Such liability was for the statutory damages if any arising under the original writ and such liability could not be extended to cover liability arising under the second attachment proceedings. 7 C.J.S., Attachment, § 163, p. 342, reads as follows:

"Liability on an attachment bond is created by, and rests on, its stipulations. The obligor has a right to stand on the very terms of his contract, and his liability will not be extended beyond the fair import of the words used; his liability is one not to be extended by im-

plication, and it will not be inferred that he has agreed to do more than that which is fairly expressed in the bond; except that in some jurisdictions it is held that statutory conditions omitted from the bond may be read into it. It is a consequence of the rule stated that the sureties can be subjected to liability on the bond only in reference to the particular writ for obtaining which it was given."

See also, Pugh v. Flannery, 1922, 151 La. 1063, 92 So. 699; Smith v. Wilson, 1930, 13 La.App. 679, 128 So. 682.

The clerk of the court could not accept the undertaking filed in the first attachment proceedings as a good and sufficient undertaking in the second attachment proceedings and thereby extend the liability of the surety. The issuance of the second writ of attachment was void as no undertaking had been filed. The trial court did not err in dissolving such attachment proceedings.

The motion of appellant to amend his affidavit for attachment by increasing the amount alleged to be due by penalties and attorney's fees and the trial court's ruling denying such motion are rendered moot by our holding that the attachment proceedings were properly dissolved because of failure to file an undertaking.

The order of the trial court is affirmed. Costs to respondent.

TAYLOR, C. J., and KEETON, ANDERSON and SMITH, JJ., concur.