DELISI, ET UX. *v.* GARNETT

[No. 224, September Term, 1969.]

*Decided February 11, 1970.*

*Motion for rehearing filed March 16, 1970; denied March 30, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*William F. Hickey* for appellants.

*John T. Bell,* with whom were *Charles W. Bell* and *Bell & Bell* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

In February, 1965, Mr. and Mrs. Delisi, who live in Riverdale, in Prince George's County, bought a grocery store in Kensington from Garnett, and gave him their

note for $1,500 as part of the purchase price. By June, 1965, the Delisis had become disenchanted with their bargain, and closed the store. Garnett brought suit on the note, which was past due and unpaid. While this case was pending, Garnett, having learned that the Delisis had gone to Florida, had an attachment on original process issued against the Delisis as absconding debtors [1] as permitted by Maryland Rule G 40 c and levied against their residence. The Delisis returned from Florida, had the attachment quashed, and then sued Garnett in Montgomery County for damages for wrongful attachment.

The damage suit was removed to St. Mary's County for trial. Garnett's motion for a directed verdict, made at the end of the Delisis' case, was granted and judgment was entered for Garnett. This appeal followed.

In deciding whether a defendant's motion for a directed verdict should have been granted, we must consider the evidence, together with all reasonable and legitimate inferences which may be deduced therefrom, in the light most favorable to the plaintiff. *Smith v. Aulick,* 252 Md. 268, 250 A. 2d 534 (1969) ; *Wood v. Johnson,* 242 Md. 446, 219 A. 2d 231 (1966) ; *Grue v. Collins,* 237 Md. 150, 205 A. 2d 260 (1964) ; *Smith v. Bernfeld,* 226 Md. 400, 174 A. 2d 53 (1961).

The Delisis' dilemma resulted from their having called Garnett as an adverse witness, with the result that they were bound by his testimony, insofar as it was not impeached or contradicted. *Williams v. Wheeler,* 252 Md. 75, 249 A. 2d 104 (1969) ; *P. Flanigan & Sons, Inc. v. Childs,* 251 Md. 646, 248 A. 2d 473 (1968) ; *Wood v. Johnson, supra.*

Garnett had brought suit on the Delisis' note on 7 July 1965, after he learned that the Delisis had closed the store. He testified that he had heard from customers of the store that Delisi had said he was going to Florida and that when he telephoned the Delisis' house in Riverdale,

---

1. The affidavit which Garnett made in the attachment case is not part of the record before us.

"We got a recording on his phone that they did not live at this address any more."

Delisi himself testified that the family left for Florida on 15 July. They apparently returned on the 25th, as they had planned. Garnett's writ of attachment had been issued on the 19th, and levy had been made on the 21st.

There can be no doubt that a wrongful attachment or garnishment may be actionable as an abuse of process, or alternatively in much the same way that redress can be sought for malicious prosecution, depending on the facts. To sustain a recovery in cases where the writ was properly issued, however, there must be a showing of malice or want of probable cause, 6 Am.Jur.2d *Attachment* § 597 (1963) at 985.

Judge Horney, speaking for the Court, stated the rule in *Walker v. American Security & Trust Co.,* 237 Md. 80, 87, 205 A. 2d 302 (1964) :

> "A tort action for abuse of process, on the one hand, and the tort actions for malicious prosecution and malicious use of process, on the other hand, are essentially different and independent actions. An action for abuse of process differs from actions for malicious prosecution and malicious use of process in that abuse of process is concerned with the improper use of criminal or civil process in a manner not contemplated by law after it has been issued, without the necessity of showing lack of probable cause or termination of the proceeding in favor of the plaintiff, while actions for malicious prosecution and malicious use of process are concerned with maliciously causing criminal or civil process to issue for its ostensible purpose, but without probable cause. 1 Am.Jur.2d, *Abuse of Process,* § 2; Prosser, *Torts* (2nd ed.) Ch. 21, § 100, p. 667. See also *Bartlett v. Christhilf,* 69 Md. 219, 14 Atl. 518 (1888) ; *Zablonsky v. Perkins,* 230 Md. 365, 187 A. 2d 314 (1963) ;

8

> *Capitol Electric Co. v. Cristaldi,* 157 F. Supp.
> 646 (D. Md. 1958). Actions for malicious pros-
> ecution and malicious use of process have the
> same essential elements and are often referred
> to as being essentially synonymous, with most
> of the cases referring to malicious prosecution
> as arising out of a criminal proceeding and ma-
> licious use of process as arising out of a civil
> proceeding."

See also *James v. Goldberg,* 256 Md. 520, 261 A. 2d 753 (1970).

In *North Point Constr. Co. v. Sagner,* 185 Md. 200, 208, 44 A. 2d 441 (1945) we defined the probable cause which justifies the bringing of a civil action as "a reasonable ground for belief in the existence of such state of facts as would warrant the institution of the suit or proceeding complained of" and have pointed out that where probable cause exists, evidence of malice, however strong, will not support a cause of action. *Kennedy v. Crouch,* 191 Md. 580, 62 A. 2d 582 (1948) ; *Medcalfe v. Brooklyn Life Ins. Co.,* 45 Md. 198 (1876).

The three Maryland cases on which the Delisis rely, *Richardson v. Hall,* 21 Md. 399 (1864) ; *Moore v. Schultz,* 31 Md. 418 (1869), and *Sterling v. Marine Bank of Cris-field,* 120 Md. 396, 87 A. 697 (1913) all involved situations where there was either a defect in the writ, or where the goods which were attached proved not to be the property of the debtor. In such cases, recovery of damages actually sustained can be had without proof of lack of probable cause or malice.

The Delisis find comfort in a comment made by the Court in the course of its opinion in *Moore v. Schultz, supra:*

> "Ordinarily, in actions of this character, the
> plaintiff is entitled to recover, if there be no cir-
> cumstances of aggravation, the value of the
> goods taken, if they be not returned, or if re-
> turned, the amount of the injury done to them

. . .But if the trespass be committed in a wanton and aggravated manner, indicating malice, or a disregard of the rights of others, *and the circumstances of the case afford no justification,* in addition to the measure of compensation just stated, the jury will be allowed to make reparation, not only for the loss of property, but for outraged feeling and reputation; and this may be carried to the extent of setting a public example to deter others who may be alike evilly disposed." (emphasis added.) 31 Md. at 423.

The difficulty is that there is not so much as a suggestion of malice on Garnett's part and the only question is whether he acted in "disregard of the rights of others" which is another way of asking whether there was probable cause justifying his doing what he did.

It was Garnett's own testimony about the telephone recording, which the Delisis made no attempt to refute or contradict, that gave understandable support to his apprehension that the Delisis, having closed the store without communicating with him, had, in fact, moved to Florida. It was typical of a situation where attachment on original process is available. For example, in *Obrecht v. Ensor,* 162 Md. 391, 159 A. 899 (1932) our predecessors held that the remedy could be invoked by the holder of a past due note against an obligor who had been absent from his home for only three days.

Although the point was neither briefed nor argued on appeal, the lower court also rested its granting of the motion for a directed verdict on the Delisis' failure to prove actual damage. Proof of damage is an essential element of an action for malicious use of process. *Owens v. Graetzel,* 149 Md. 689, 695, 132 A. 265 (1926). In the absence of proof of actual loss, punitive damages are not generally recoverable. *Heinze v. Murphy,* 180 Md. 423, 24 A. 2d 917 (1942) ; *Schloss v. Silverman,* 172 Md. 632, 192 A. 343 (1937).

*Judgment affirmed, costs to be paid by appellants.*