METAL DISTRIBUTING COMPANY, INC. *v.* SOLAR
HEATING AND AIR CONDITIONING
CORPORATION ET AL.

[No. 142, September Term, 1971.]

*Decided December 10, 1971.*

The cause was argued before HAMMOND, C. J., and
BARNES, FINAN, SINGLEY and SMITH, JJ.

*Ronald D. Haggart* for appellant.

*Gary R. Alexander* and *Lawrence A. Marzetti,* with
whom were *Giordano, Alexander, Haas & Mahoney* on
the brief, for appellees.

SINGLEY, J., delivered the opinion of the Court.

Metal Distributing Company, Inc. (Metal Distribut-
ing), a jobber of parts and fittings used by mechanical

contractors, sold $74,285.63 worth of such goods to Thomas W. Moylan Company, Inc. (the Moylan Company), and never received payment. Commencing in March, 1971 Metal Distributing sought, without success to attach the goods and credits of Solar Heating and Air Conditioning Corporation (Solar), which in some fashion may have acquired the assets or succeeded to the business of the Moylan Company, by actions instituted in the Circuit Courts for Prince George's and Montgomery Counties. It will be no more successful here.

The opening gambit was made in the Circuit Court for Prince George's County where Metal Distributing brought what it called an "action in trover and conversion" against Solar and six individual non-residents: Thomas W. Moylan, Moylan's wife, their two minor children, and two other people, identified only by name and address. The declaration alleges that the goods sold to the Moylan Company had been converted (in a manner not specified) to the defendants' use.

Shortly after the declaration was filed, Metal Distributing caused a writ of attachment on original process to be issued out of the Circuit Court for Prince George's County. In the affidavit required by Maryland Rule G42 b. in support of the writ, Metal Distributing's attorney said:

> "* * * that Defendant [sic] is bona fide indebted unto Metal Distributing Co., Inc., Plaintiff, in the full and just sum of $74,285.63 over and above all discounts, and at the same time produced the account ledger on which the said Defendant is so indebted, and filed Plaintiff's cause of action against the said Defendant which are hereto annexed; and said affiant also made oath and affirmation that he is credibly informed and verily believes the said Defendant: (1) Is not a citizen of the State of Maryland and does not reside therein; (2) Hath absconded or is about to abscond from the State of Maryland; (3) Has assigned, disposed of,

or concealed, or is about to assign, dispose of, or conceal his [sic] property or some portion thereof with intent to defraud his [sic] creditors; (4) Fraudently contracted the debt or incurred the obligation herein mentioned; and (5) Has removed, or is about to remove his [sic] property or some portion thereof out of the State of Maryland with intent to defraud creditors."

Although it cannot be established from the record before us, Metal Distributing says that goods belonging to Solar were attached.

About a week later, a certified copy of the docket entries in the attachment and short note cases in Prince George's County was filed in the Circuit Court for Montgomery County. Writs of attachment were issued and laid in the hands of those allegedly holding funds or credits belonging to Solar. We are not to be understood as passing on the adequacy or propriety of this approach because, as will later appear, the proceeding was deficient in another respect.

Solar filed motions to quash in both courts. The motion filed in Prince George's County came on for hearing first. That court, in granting the motion and dismissing the writ, noted that when Rules G40 and G41 a. are read together, an attachment upon an action *ex delicto* may issue only:

"Where the debtor is a non resident individual or if a corporation, where the corporation (1) has not a resident agent, or (2) has one or more resident agents and unsuccessful attempts have been made on different business days to serve process either twice upon one resident agent or once upon each of two resident agents." (Rule G40 a.)

or:

"Where the debtor has absconded or is about to

abscond from this State, or if an individual has removed, or is about to remove, from his place of abode in this State with intent to defraud his creditors." (Rule G40 c.)

The court concluded that Solar, a Maryland corporation, did not come within the scope of Rule G40 a.; that Rule G40 c. could not be availed of since there was no proof that Solar had absconded or was about to abscond, and that there was no proof that the individual defendants had participated in the alleged conversion. Solar did not appeal from the order quashing the attachment.

Two months later, the motion to quash the writ of attachment issued out of the Circuit Court for Montgomery County came on for hearing. It was from the order quashing this writ that the present appeal was taken.

Metal Distributing complains that the Circuit Court for Montgomery County (Shearin, J.) placed undue reliance on the result reached by the Circuit Court for Prince George's County (Powers, C. J.). Clearly, the action of the Prince George's County Court in quashing the writ was not res judicata, since an attachment is an action in rem, and such an adjudication is only determinative of the status of the res over which a court has jurisdiction, *Johnson v. Stockham*, 89 Md. 368, 378-79, 43 A. 943 (1899). It is manifest to us, however, that it was not remarkable that the Montgomery County Court reached the same result reached by the Prince George's County Court, although we propose to sustain the Montgomery County Court on another ground.

In the course of his opinion, Judge Shearin said:

"* * * The basic question as to which I have inquired of counsel is what evidence he has to proffer as to whether there is any basis upon which the plaintiff may attach on original process for fraud, in view of the concession that the corporate defendant, whose property has been attached, is fully qualified to do business in the State of Maryland, and has a resident agent

who is subject to service of process. There is no evidence proffered that there is any actual absconding which has taken place by that corporation, nor any facts proffered in evidence which would justify or warrant the conclusion that the corporate defendant is about to abscond from the State.

"Accordingly, the Court is obliged to hold, as did Judge Powers. that Rule G40 would appear to have no application to defendant Solar Heating and Air Conditioning Corporation.

"Further, that the plaintiff has not substantiated its claim and could not proffer any evidence that would substantiate its claim that any of the individual defendants have participated in the alleged conversion of any property belonging to the plaintiff. * * *"

Metal Distributing's principal complaint is that it was denied the opportunity to show that Solar was a nonresident or absconding debtor, as it alleged in its affidavit, or alternatively, that Solar should at least have been required to traverse these allegations by affidavit. Unfortunately, the colloquy between counsel and the court was not transcribed, and we have no way of knowing what was proffered.

In oral argument, it became apparent that Metal Distributing might have been more persuasive below if it had given some thought to the historical concept of an absconding debtor. Code (1957) Art. 9, § 3 (repealed in 1962); *Stouffer v. Niple,* 40 Md. 477 (1874), and *Field v. Adreon,* 7 Md. 209 (1854) underlay the definition contained in 2 Poe, *Pleading and Practice* § 567, at 530 (5th ed. 1925):

"*Who is to be regarded as an absconding debtor.* —Every person who shall actually run away, abscond or flee from justice, or secretly remove himself from his place of abode with intention to evade the payment of his just debts or to in-

jure or defraud his creditors shall be considered as having absconded, even though he may not have left the State, or even though he may have voted. * * *"

*Delisi v. Garnett*, 257 Md. 4, 9, 261 A. 2d 784 (1970) and *Obrecht v. Ensor*, 162 Md. 391, 395, 159 A. 899 (1932) are more recent cases which deal, at least peripherally, with the problem.

Even assuming that Metal Distributing could have shown that Solar was a non-resident or absconding debtor, there was a compelling reason why the Montgomery County writ should have been quashed. Rule G42 e. provides, in part, that in an action *ex delicto* under sections a. and c. of Rule G40,

"* * * [A] bond to the State shall be filed with such surety as may be approved by the clerk and conditioned upon the satisfaction of costs and such damages as may be awarded to such defendant or a claimant of the property attached. The amount of the bond shall be the sum alleged to be due from the defendant."

Metal Distributing obtained a bond from Peerless Insurance Company and filed it with the Prince George's County Court Clerk on 8 April 1971. The bond provided:

"KNOW ALL men by these presents, that we *PEERLESS INSURANCE COMPANY A CORPORATION OF THE STATE OF NEW HAMPSHIRE, KEENE, NEW HAMPSHIRE with principal office and place of business at 4801 Kenmore Avenue Suite 115, Alexandria, Va.* are held and firmly bound unto the State of Maryland in the full and just sum of Seventy Four Thousand, Two Hundred and Eighty-Five Dollars and Sixty-Three cents ($74,285.63) current money, to be paid to the State of Maryland, its certain attorney or assigns, to the payment whereof well and truly to be made and

done we bind ourselves, our heirs, executors and administrators firmly by these presents. WHEREAS, the above bounden *PEERLESS INSURANCE COMPANY* has on the day of the date hereof ordered attachment out of the Circuit Court for Prince Georges County, at the suit of Metal Distributing Co., Inc., Plaintiff, against Solar Heating and Air Conditioning, Thomas W. Moylan, Jean Moylan, Vicki Moylan, Chris Moylan, Ann McNalley and Mildred McGrath, Defendants, for the sum of $74,285.63 the same being about to be sued out of said Court. Now, the condition of the above obligation is such, that if the said Plaintiff shall prosecute said suit with effect both in the Circuit Court for Prince Georges County and in the Maryland Court of Appeals in case of appeal or in case of failure thereof, shall well and truly pay and satisfy to the said Defendant or to any persons interested in these proceedings, all such costs in said suit and such damages as shall be awarded against the said Plaintiff, his heirs, executors, or administrators, in any suit or suits which may hereafter be brought for wrongfully suing out said attachment, the above obligation to be void, otherwise to remain in full force and effect."

No bond seems ever to have been filed in Montgomery County. Even if the Peerless Insurance Company bond had been filed, the bond, by its terms, applied only to the Prince George's County attachment, and could not have been used in support of the new and original proceeding in Montgomery County, *Rougle v. Turk,* 76 Ida. 427, 283 P. 2d 915 (1955). Since a bond must be filed in every case where the original process is *ex delicto,* Rhynhart, *Attachments in the People's Court of Baltimore City,* 14 Md. L. Rev. 235, 248 (1954), the Montgomery County writ was void and of no effect. This is the general rule, 7 C.J.S. *Attachment* § 145, at 326 (1937) ; *see also Burton*

*v. Halley,* 236 Md. 42, 202 A. 2d 380 (1964) and *Steuart v. Chappell,* 98 Md. 527, 57 A. 17 (1904).

The rule is an outgrowth of the principle recognized in *Coward v. Dillinger,* 56 Md. 59, 61 (1881) :

> "* * * Being then a jurisdiction derived from statutory law, no principle is better established, than that the attachment proceedings must upon their face show affirmatively, that the requirements of the statute have been substantially complied with, otherwise the court issuing the attachment would be acting without jurisdiction, and the judgment thereupon rendered would be void."

Because we regard the failure to provide a bond as a fatal infirmity, it is unnecessary to consider the other procedural defects which Solar asserted on appeal.

*Order affirmed, costs to be paid by appellant.*