HEMISPHERE PICTURES, INC. *v.* BERNIE
LUST, ETC. ET AL.

[No. 822, September Term, 1976.]

*Decided May 13, 1977.*

The cause was argued before MORTON, MENCHINE and
MASON, JJ.

*Barnett Rosenberg,* with whom were *Messitte &
Rosenberg, P.A.* on the brief, for appellant.

*John C. Keating* for appellees.

MENCHINE, J., delivered the opinion of the Court.

Hemisphere Pictures, Inc. (appellant) obtained a
monetary [1] judgment for $6,188.84 against Sidney Lust

---

1. Partial summary judgment upon the issue of liability had been given
on August 26, 1975.

Limited Partnership (Lust) on December 16, 1975, in the Circuit Court for Montgomery County. An attachment on that judgment was laid in the hands of John C. Keating, receiver of Lust, as garnishee on January 6, 1976.

The receiver filed a plea in the attachment case acknowledging that he was in possession of funds in excess of the amount of the judgment of appellant but alleging that such funds were held by him as trustee [2] in *custodia legis* subject to order of the Circuit Court.

Treating the receiver's plea as a confession of assets (Maryland Rule G52), appellant moved for judgment of condemnation absolute. Maryland Rule F3.

The receiver filed a document entitled "Opposition to Motion for Judgment of Condemnation" in which he denied that his plea had constituted a confession of assets and reasserted his prior claim that the funds were in *custodia legis*.

The trial court conducted a hearing upon the motion for judgment of condemnation absolute and on July 9, 1976, denied the same.

The attachment on judgment was not issued or served upon the receiver until *after* the order for his appointment had been passed in the equity cause. More, the receiver came into actual possession of the assets of Lust prior to the issuance and service of that attachment.

In *Forest Lake Cemetery v. Baker*, 113 Md. 529, 538, 77 A. 853, 857 (1910), it is said:

> "The possession of a receiver, who is the agent of the Court appointing him, is the possession of that Court, and while prior liens are not divested by the appointment of a receiver, and he takes the

---

2. An order had been passed on August 22, 1975, in the Circuit Court for Montgomery County in a cause entitled Kolbe v. Lust, Equity No. 45,933, in which John C. Keating was "appointed Trustee in Liquidation of the partnership to take control of all assets and operation thereof and proceed to dissolution of the partnership." This Court in Lust v. Kolbe, 31 Md. App. 483, 356 A. 2d 592 (1976), declared that, "We hold that the trustee in liquidation, in the matter now before us, is a receiver within the meaning of the law of this State." *Id.* at 491 [597-98].

property subject to all existing liens, lien creditors cannot enforce their claims and thus disturb his possession without the permission of the Court."

In the subject case there is no proof that execution of the writ of attachment occurred prior to the time that the receiver came into possession of the assets of Lust. This is fatal to appellant's present appeal. *Compare Obrecht v. Ensor*, 162 Md. 391, 394, 159 A. 899, 901 (1932).

In effect, the appellant seeks to attack the validity of the appointment of the receiver collaterally.[3]

In 1 Clark, *Receivers*, Ch. IX, § 305 (3rd Ed., 1959), it is said:

"When the court appointing the receiver had jurisdiction of the necessary parties to the suit and of the subject matter of the controversy and the court in the exercise of its jurisdiction has appointed a receiver, such appointment of the court is not open to collateral attack, and even if the order was made improvidently it is not open to attack in a collateral suit."

This principle is the law of Maryland. *See Obrecht, supra*, at 393 [900].

Corporations and Associations Article § 10-109 provides in pertinent part as follows:

"§ 10-109. *Rights of a limited partner.*

(a) A limited partner shall have the same rights as a general partner to:

(3) Have dissolution and winding up by decree of court."

The equity action in which the receiver was appointed had been initiated by a limited partner and had sought dissolution of the limited partnership and the appointment

---

3. Ellicott v. U.S. Ins. Co., 7 Gill 307 (1848), principal reliance of appellant, is inapposite. The creditor in *Ellicott* proceeded by petition in the equity proceedings. *Compare* Albert v. Winn, 7 Gill 446, 448 (1849).

of a receiver to wind up its affairs. *See Lust v. Kolbe,* 31 Md. App. 483, 356 A. 2d 592 (1976). There was jurisdiction in the appointing court. The funds of Lust were in *custodia legis.*

> *Order denying judgment affirmed.*
>
> *Appellant to pay the costs.*